# Staunton

U. S. SEAL, SUBSTITUTED RECEIVER, ETC. V. J. T. PUCKETT,
ET ALS.

September 22, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*D. M. Easley* and *W. W. Bird,* for the plaintiff in error.

*Burns & Griffith,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

On November 24, 1928, two judgments were recovered by Draper, receiver of the First National Bank of Matoaka, West Virginia, against one J. T. Puckett. One of the judgments was for $4,801.00 with costs and interest and subject to certain credits, and the other for the same amount, $4,801.00, with costs and interest and also subject to certain credits. These judgments were recovered under a decree of the Circuit Court of Russell county wherein executions were directed to be issued thereon. On September 30, 1931, executions were issued upon each of the judgments and they were levied upon thirty-four head of cattle. On December 7, 1931, Puckett filed a motion to quash the executions, assigning as one of the grounds, that they had not been issued within one year after the judgments were recovered. The motion was heard by the trial court and after due consideration it sustained the motion of Puckett and

quashed the executions on that ground. This ruling of the trial court is the sole error assigned.

Draper, receiver, in whose name the judgments had been obtained, was succeeded as receiver, by U. S. Seal, the plaintiff in error in the present appeal.

As the judgments were recovered on November 24, 1928, and no executions were issued thereon until September 30, 1931, it thus appears that the executions were not issued or sued out within one year from the rendition of the judgments. It is agreed in the "Agreed State of Facts" that no *scire facias* was issued upon the judgments. The receiver seeks to avoid the penalty of the statute (Code, §6477) in this way: The decree in which the judgments were rendered was entered in the chancery cause of *Draper, Receiver,* v. *Melissa R. Puckett,* lately pending in the Circuit Court of Russell county. The defendants in that cause applied for an appeal and this court upon their petition granted an appeal from the said decree, but no supersedeas was requested by them. Accordingly, when this court granted the appeal it did not award a supersedeas. When the appeal came on to be heard in this court (*Melissa R. Puckett, et al.* v. *Charles H. Draper, Receiver, etc.,* 156 Va. 238, 158 S. E. 68), the decree complained of was affirmed by an opinion handed down at the March, 1931, term. The receiver contends that from the time the appeal was granted until the final mandate of this court was handed down, the circuit court, during that time, had no jurisdiction over the judgments and if that time be excluded in computing the one year limitation for the issuance of executions, the executions here in question were issued within the year. It is true that if the time which expired during the pendency of the appeal in this court be deducted, one year had not expired from the recovery of the judgments until the executions were issued.

Without going into details it is necessary to refer to the cause of *Puckett* v. *Draper, supra.* The main purpose of that suit was to set aside a certain deed as voluntary and

fraudulent. The trial court by its decree set the deed aside on those grounds and at the same time established the debt due the receiver of the bank by rendering the two judgments which have been referred to. When the defendants in that suit applied to this court for an appeal, they did not assign as error the rendition of the judgments, but did assign as error the decision of the trial court in holding that the deed should be set aside because voluntary and fraudulent. This was the only assignment of error in the petition in that appeal.

The sole question presented by the writ of error in this case is whether the appeal granted in the cause of *Puckett* v. *Draper, supra,* operated as a supersedeas and stayed the issuance of execution on the judgments. In other words, does a writ of error or an appeal operate as a supersedeas?

The Honorable A. C. Buchanan, judge of the Twenty-second Judicial Circuit presided at the trial of the present case, and in holding that the executions in question should be quashed handed down an opinion in which he expressed the view that a writ of error or an appeal does not operate as a supersedeas. In this view and holding we concur. The reasoning of Judge Buchanan so strikingly presents our view and his conclusion so satisfactorily answers the question here presented that we adopt his opinion as the opinion of this court. It follows:

"It is my opinion that the motions to quash the executions should be sustained.

"The question is a troublesome one, and there are some expressions of the appellate court in two of the earlier cases with which this conclusion does not agree but those cases were decided at a time when I believe the law was different from what it is under our present statutes.

"Section 6477 of the Code provides that on a judgment execution may issue within a year after the date of the judgment; and section 6478 provides that no execution shall issue after the time prescribed by section 6477, except that, in computing the time, there shall be excluded any time

during which the right to sue out execution is suspended by the terms of the judgment, or by legal process.

"Section 6348 provides that the appellate court or judge may allow an appeal or writ of error, 'and in either case may award a supersedeas to stay proceedings in whole or in part.'

"Section 6351 provides that such supersedeas shall not take effect until bond be given.

"It seems to me clearly it must have been the legislative intent to require the appellant, if he desired to delay the plaintiff in exercising the right established by his judgment, to give bond to protect the judgment creditor against loss on account of the delay. If the appeal or writ of error of itself had that effect, it would have been useless to provide for a supersedeas 'to stay proceedings,' and to provide a different penalty for the bond in case the proceedings are 'stayed by supersedeas.'

"At common law it seems that the appeal or writ of error had the effect to stay further proceedings on the judgment, but it appears that abuses grew out of this rule, leading to the enactment of statutes requiring security before proceedings should be stayed.

"I find also that by an act of the General Assembly, passed February 24, 1820 (Supp. to Revised Code of 1819, p. 126), it was provided in express terms that all writs of error in civil cases should operate as a supersedeas.

"While this act was in effect the case of *Newcomb* v. *Drummond,* 4 Leigh (31 Va.) 57, was decided in 1832, in which Judge Tucker's opinion contains the language that 'the writ of error is, indeed, so far a supersedeas to the judgment, that an execution cannot regularly be issued upon it, and if issued will be quashed.' Judge Tucker does not refer to the statute mentioned, but cites some English authority in support of his statement, which, it will be observed also is a dictum.

"*Hutsonpiller's Adm'r* v. *Stover's Adm'r,* 12 Gratt. (53 Va.) 579, was decided in 1855 while the Code of 1849 was

in effect and sections 11 and 13 of chapter 182 of that Code, are similar to, but not as comprehensive as the present sections 6348 and 6351. In that case it is also stated that 'the writ of error is a supersedeas to the judgment;' but the statutes are not cited, and again the common law holdings are referred to as authority.

"On the other hand, in *Williamson* v. *Gayle*, 4 Gratt. (45 Va.) 183, it is said:

" 'Though the appeal has been allowed upon condition of giving bond; and though such allowance makes it a pending appeal, yet until the bond is executed according to the terms of the order, the appeal is not effectual to arrest the proceedings on the decree. Nor is the appellee bound to notice it. He may go on and execute his decree and take no notice of the appeal.'

"And in *Reid Bros. & Co.* v. *Norfolk City R. Co.*, 94 Va. 117, 120, 26 S. E. 428, 36 L. R. A. 274, 64 Am. St. Rep. 708, the court recognizes that a different result ensues where an appeal is granted with, and one is granted without a supersedeas. There the complainants 'secured from one of the judges of this court an appeal and supersedeas, a bond being required only in the penalty of $200; whereupon the defendant railroad company at the earliest opportunity, which was the first day of the November term, 1894, moved this court to dismiss the appeal for failure to give a proper bond, as required by sections 3470 and 3471 of the Code; but instead of dismissing the appeal this court on the 9th of November, 1894, on the motion of appellants, made an order modifying its order allowing the appeal and supersedeas so as to allow an appeal only, not to operate as a supersedeas to, or in any manner hinder or delay the execution of, the decree appealed from.'

"It seems to be the rule in New York, California and other States that an appeal does not of itself stay proceedings on the judgment of the trial court. Thus in *Taylor* v. *Shew*, 39 Cal. 536, 2 Am. Rep. 478, it is said:

" 'In the absence of any proof to the contrary, the presumption is that the effect of the alleged appeal by the laws of New York is the same as in this State; and in this State such appeal would not stay execution or proceedings for the collection of the amount of the judgment appealed from, pending the appeal, nor destroy or weaken the force and effect of the record of the judgment as evidence of the facts or matters necessarily determined thereby.'

"It seems to me it would be denying effect to the plain provisions of the statutes to hold that there should be added to the exceptions contained in section 6478 another to the effect that the time pending an appeal must be excluded from the time specified by section 6477 in which execution may issue. This can only be done by holding that an appeal of itself operates as a supersedeas to the judgment and this would render the provisions of the statutes for supersedeas and supersedeas bond of no effect and of no use."

Section 6369 of the Code relied upon by the receiver has no application. The executions were issued upon the original judgments of the circuit court which were recovered on November 24, 1928. They were not issued under section 6369.

The judgment of the trial court is affirmed.

*Affirmed.*