# Wytheville

HENRY WOODHOUSE v. BURKE & HERBERT BANK & TRUST COMPANY.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Raymond M. Hudson, Minor Hudson* and *Thomas H. Lion,* for the appellant.

*Albert V. Bryan* and *Carl Budwesky,* for the appellee.

HOLT, J., delivered the opinion of the court.

On June 23, 1934, Burke & Herbert Bank & Trust Company filed its bill in the Circuit Court of Fairfax county. From this bill it appears that H. R. Burke, Arthur Herbert and C. S. Taylor Burke, partners trading as Burke & Herbert, obtained on the 15th day of May, 1933, a judgment against Henry Woodhouse in the sum of $8,000, with interest from January 15, 1931, subject to a credit of $1,571.50 as of May 2, 1933. This judgment was upon notes waiving homestead exemption. It was afterwards assigned to Burke & Herbert Bank and Trust Company and to enforce it this suit was brought. It is charged that the defendant is the owner of a tract of land in Fairfax county known as the Wease farm. The prayer is that all proper inquiries be directed, that said land be sold and that the proceeds be applied upon its debt. On the same day service of process by publication was ordered, and the defendant was ordered to appear within ten days from its maturity and do whatever might be necessary to protect his interest. This publication was based upon an affidavit as to non-residence in which it appears that the last known postoffice address of Woodhouse was 280 Madison Avenue, New York City, N. Y.

By decree of September 10, 1934, it appears that process was published, posted and mailed; that is to say, this chancery suit brought against a non-resident was in due course properly matured as to him by substituted process. It also appears from this order that "affidavit and motion of Henry Woodhouse was filed." They are not in the record nor does the date of their filing appear.

The judge of the Circuit Court of Fairfax county being so situated as to render it improper in his opinion for him to preside at the hearing of this case ordered it be transferred to the Corporation Court of the city of Fredericksburg, which was done. This transfer is assigned as error.

Such transfer is expressly authorized by statute and may be made to any court having jurisdiction. Code, sections 6175, 6176.

It is common practice in Virginia, it was followed in the recent cause of *Ashworth* v. *Hagans Estates,* 165 Va. 151, 181 S. E. 381, transferred by the Circuit Court of Scott county to the Corporation Court of the city of Bristol, and is not invalidated by the fact that transfers in other ways are authorized by other statutes.

■ The Corporation Court of the city of Fredericksburg is a court of general jurisdiction, subject of course to territorial limitations as are circuit courts. Constitution of Virginia, section 98; Code, section 5910. Corporation courts and hustings courts in Virginia are courts of co-ordinate dignity with circuit courts. *Watson* v. *Blackstone, Judge,* 98 Va. 618, 38 S. E. 939.

Code, section 5890, as amended by Acts 1928, ch. 459, gives to circuit and therefore to corporation courts original and general jurisdiction of all cases at law and in chancery. This is potential jurisdiction. Code, section 6049, as amended by Acts 1932, ch. 71, does not confer jurisdiction but fixes venue. *James* v. *Powell,* 154 Va. 96, 152 S. E. 539; *Morgan* v. *Pennsylvania R. Co.,* 148 Va. 272, 138 S. E. 566; *Southern Sand & Gravel Co.* v. *Massaponax Sand & Gravel Corp.,* 145 Va. 317, 323, 133 S. E. 812. Had this suit been brought in the Corporation Court of the city of Fredericksburg it should have been dismissed on timely objection, not because there was want of potential jurisdiction but because the venue was wrong. The same objections and the same answer would apply had the transfer been to the Circuit Court of Loudoun county.

These objections were renewed in a motion addressed to said Corporation Court on September 17, 1934, and in addition it was said in an accompanying affidavit by Woodhouse "that there is another action pending in the Supreme Court of the United States between the same parties for the same cause."

There is no proof of this, and, therefore, it is not necessary that we discuss the effect of that claim.

On September 20, 1934, an order of reference was en-

tered. Charles A. Davis was appointed special commissioner to ascertain and report:

"(1) What amount, if any, is the complainant entitled to recover from the defendant upon the monetary decree set forth in said bill.

"(2) Of what real property in the county of Fairfax, or elsewhere in Virginia, is the defendant seized and possessed, the value thereof, both fee-simple and rental, and the liens, if any, thereon, with the order of priority of such liens.

"(3) Whether the rents and profits from the said property, if any, will within five years be sufficient to pay the amount to which the complainant is entitled.

"(4) Whether all necessary parties are before the court in this cause."

Objection is made to the appointment of Davis as special commissioner. Such an appointment is authorized by Code, section 6179. It is also said that Mr. Davis was a member of the law firm of which Budwesky, of counsel for appellee, was also a member. This charge does not conform to the facts.

It is said that proper notice was not given by the commissioner of the time and place of taking account. Woodhouse contends that there never has been any general appearance by him in this cause. If this be true, no other notice to him by the master commissioner was necessary. Code, section 6071. As a matter of fact he did publish notice of the time and place of his sitting. It was to be in the Corporation Court room of the city of Alexandria on October 25, 1934, at 1 P. M., and a copy of this notice was sent by registered mail to Woodhouse at his New York address. Code, sections 6070, 6071.

Since Woodhouse was a non-resident and since he had no counsel in Virginia, personal service was not possible.

The report was completed and filed December 1, 1934. It purports to tell us what land was owned by the defendant in Fairfax county or elsewhere in Virginia, its

fee-simple and annual rental value, unpaid taxes, and other liens thereon.

If Woodhouse was before the court it was his duty to except if he had complaint to make. If he was not present the court of necessity had to act in his absence.

There was no error upon the face of the report and it was confirmed by decree of March 4, 1935. This appeal is from that decree. It was an appealable decree but not a final decree. Supersedeas was granted but afterwards dismissed as improvidently awarded.

A commissioner of sale was appointed with these powers:

"It is therefore further adjudged, ordered and decreed that Carl Budwesky be and he hereby is appointed a special commissioner of sale to sell at public auction for cash, after first publishing notice of the time and place of said sale twice a week for two successive weeks before the day of said sale; the following described real estate, to-wit:"

There was a report by the commissioner of sale filed August 2, 1935. It was had in front of the Royal street entrance of the Market House at Alexandria on June 15, 1935, and was made to C. S. Taylor Burke for the price of $1,000. Confirmation was recommended by the sale commissioner.

This cause came on to be again heard on November 23, 1935. At that hearing counsel both for plaintiff and defendant were present. No exceptions were filed, but the sale was not confirmed. A decree then entered reads in part as follows:

"Upon consideration whereof it appearing to the court that in the decree of sale heretofore entered in this cause on, to-wit: March 4, 1935, the place of sale and the name of the newspaper in which the advertisement of sale should be published was inadvertently omitted, and the court being of the opinion that the decree of sale should have been specific in these particulars, it is adjudged, ordered and decreed that the sale made by Carl Bud-

wesky, special commissioner of sale, under said decree and reported by him to the court, be set aside and vacated, and that said decree of sale be and it is hereby, amended and supplemented as follows, but in all other respects the said decree of sale remains unmodified:

"That the said Carl Budwesky, special commissioner of sale, do sell in front of the courthouse of Fairfax county, Virginia, at public auction, for cash, after first publishing in the Fairfax Herald, a newspaper published in Fairfax county, Virginia, the time, terms and place of said sale once a week for four successive weeks the following described property, situated in said county of Fairfax, Virginia, and more particularly described as follows:"

This property was again offered for sale and sold on January 10, 1936, in accordance with the provisions of the decree of sale, to the same purchaser for the same price.

 It is not necessary that we discuss the first decree of sale or the sale made under it. Both were set aside and a second sale was had in all respects regular—had, it is true, after an appeal was taken to this court, but there was no supersedeas, and so the lower court was left free to correct errors therein, if any. *Good* v. *Board of Supervisors*, 140 Va. 399, 125 S. E. 321; *Seal* v. *Puckett*, 159 Va. 297, 165 S. E. 496.

 Complaint is further made of the fact that the commissioner was not specifically directed to report delinquent taxes. Code, section 6267. He did report taxes due, and so if this be error at all it was harmless. Moreover, this statutory provision was not written for the benefit of the delinquent land owner.

 Since this case was submitted to this court there has been filed by Woodhouse his affidavit to the effect that he is the owner of other lands in Fairfax county against which stand a charge of delinquent taxes unreported. If this could be considered, and it can not, it would be without effect. Master commissioners do sometimes overlook lands and liens. Such an oversight if properly brought to the court's attention should be cor-

rected. *Dermott* v. *Carter,* 151 Va. 81, 144 S. E. 602. But plainly it does not make void a report confirmed and regular upon its face. *Shipman* v. *Fletcher,* 91 Va. 473, 22 S. E. 458. Moreover there is nothing to indicate that this omission in any manner harms Woodhouse. The appellee will probably be pleased to know that there is another source from which may be made further collections on its judgment. There are other objections but they are without merit.

If there were errors in the decree of March 4, 1935, as to which we express no opinion, they have been corrected. And questions as to them are now moot.

The decree appealed from as corrected should be affirmed, and it is so ordered.

*Affirmed.*