# Wytheville

HENRY WOODHOUSE v. ALBERT R. HARRISON, ET AL.

June 10, 1937.

Present, All the Justices.

The opinion states the case.

*Raymond M. Hudson, Minor Hudson* and *Geoffrey Creyke, Jr.,* for the appellant.

*Albert V. Bryan,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

On November 11, 1935, Albert R. Harrison filed his bill in the Circuit Court of Fairfax county against Henry Wood-

house, Robinson Moncure, trustee, and Wilson M. Farr, trustee. The bill alleged that by deed dated November 9, 1932, Henry Woodhouse had conveyed to Moncure and Farr, as trustees, certain land in Fairfax county to secure an indebtedness of $3,500 evidenced by seven promissory notes, each made and signed by Henry Woodhouse, each held by the complainant, and each past due and unpaid.

The bill prayed for a foreclosure of the said deed of trust, the sale of the property, the application of the proceeds to the payment of the indebtedness, and for a personal judgment against the defendant, Henry Woodhouse, for any deficiency.

Process was made returnable to the first December, 1935, rules and was served personally on the defendant trustees, Moncure and Farr, who, on November 16, 1935, filed their answers concurring in the prayers of the bill.

The defendant, Woodhouse, being a non-resident, an order of publication in due form was entered, posted, published and mailed as to him as required by Code, sections 6069 and 6070. The copy mailed to this defendant at his residence in New York was actually received by him on November 29, 1935.

Woodhouse having failed to appear either in person or by counsel, on January 13, 1936, a decree was entered referring the matter to a special commissioner to ascertain and report the usual pertinent matters.

On the same date the commissioner mailed to the defendant, Woodhouse, at his said residence in New York, a notice that he would proceed to execute the decree of reference at his office, at Alexandria, at 3:00 p. m. on January 23, 1936. Although Woodhouse received this notice on January 17, he made no appearance, either in person or by counsel, at the hearing before the commissioner. At this hearing the complainant fully proved the allegations of his bill and the special commissioner so reported to the court on February 7.

In the meantime, on January 20, Woodhouse, through Raymond M. Hudson, Esq., an attorney residing and practicing in Washington, D. C., had deposited with the clerk a written motion to vacate the decree of reference theretofore entered. The grounds of the motion were (1) that the decree was

entered before the cause had matured and hence was void, and (2) that the matter should have been referred to one of the commissioners in chancery of the court and not to a special commissioner. Later Woodhouse moved to reject the report of the special commissioner on the same grounds.

Although the court had been in session in the meantime, the defendant, Woodhouse, took no steps to have these motions disposed of until February 27 when the special commissioner's report came on to be heard. At this time the motions were fully argued and the court announced its determination to overrule them. This decision was embodied in a decree entered on March 11.

While Woodhouse took no exceptions to the ruling of the court on his motions with respect to the decree of reference, one of his principal assignments of error challenges the correctness of such ruling.

■ There is no merit in the contention that the entry of the decree of reference on January 13 was premature and before the cause had matured.

■ As we have seen process was served in person on the two resident defendants, Moncure and Farr, trustees, and they filed their answers on November 16. Treating these as having been filed at the first December rules, next ensuing, as we must (*Goddin* v. *Vaughn's Ex'x*, 14 Gratt. (55 Va.) 102, 130; *First Nat. Bank* v. *Huntington, etc., Co.*, 41 W. Va. 530, 23 S. E. 792, 793, 56 Am. St. Rep. 878), the cause was then matured as to these defendants. Code, section 6138.

■ As to the non-resident defendant, Woodhouse, an order of publication in due form was entered, published, posted and mailed as required by Code, sections 6069 and 6070.

Under the express provisions of Code, section 6071, "When such order shall have been so executed, or when a copy of any process, or of a notice beginning any action, shall have been published as provided by any section of this chapter, if the defendants against whom it is entered, or published, or the unknown parties, shall not appear within ten days after the completion of the execution of such order, or the expiration

of the four weeks required for the completion of such publication, the case may be tried or heard as to them, * * *."

The order of publication was published on November 29, December 6, December 13, and December 20. So, allowing the twenty-eight days required for the publication (*Dillard v. Krise*, 86 Va. 410, 412, 10 S. E. 430), and the ten additional days required by Code, section 6071, the case had fully matured and was ready for hearing as to the defendant, Woodhouse, before the entry of the decree of January 13. See Barton's Chancery Practice (3d Ed.), pp. 157, 158.

■ The next contention of the appellant that the court had no right to refer the matter to a special commissioner instead of a commissioner in chancery was decided adversely to this same appellant in *Woodhouse* v. *Burke & Herbert Bank & Trust Co.*, 166 Va. 706, 711, 185 S. E. 876.

■ Since there was no merit in the defendant's motion to vacate the decree of reference, there is likewise no merit in his contention that the special commissioner should have suspended all hearings under the decree pending the disposition of said motion.

■ Furthermore, the mere filing of the motion to vacate said decree did not have the effect of automatically suspending all proceedings in the cause, as the appellant seems to think. If he desired a postponement of the hearings pending his motion to vacate the decree, he should have made a motion to that effect before the commissioner, and if the latter had declined his request he should have taken the matter up with the court which was then in session.

■ After a decree had been entered confirming the report of the special commissioner and directing a sale of the property, the defendant, Woodhouse, tendered an answer and cross-bill and moved the court to commit the matter "to a commissioner in chancery,"—not to the special commissioner to whom the cause had been referred,—in order that the defendant might take evidence in support of the allegations in such answer and cross-bill. The court rejected the answer and cross-bill and denied the defendant's motion to commit.

We have already seen that the reference to a special com-

missioner instead of a commissioner in chancery was proper. Hence there was no error in the denial of the defendant's motion here.

Despite this action of the court Woodhouse proceeded to take the depositions of certain witnesses, and after these had been completed he filed in the clerk's office a motion to rehear the whole case, based on the same answer and cross-bill and on the depositions taken in support thereof.

This motion came on to be heard on May 21. In the meantime the property had been sold at public auction, knocked down to the complainant, Albert R. Harrison, and the commissioner's report of such sale was before the court for confirmation or rejection.

By this time the court had evidently come to the conclusion that the defendant was seeking delay rather than justice. Nevertheless, with the consent of the complainant, the court offered to allow the answer and cross-bill to be filed and to grant a rehearing and a trial thereon with the depositions in support thereof, and if upon such hearing it should find for the defendant, Woodhouse, then it would set aside all proceedings and decrees theretofore had and entered in the cause. But the court also made it plain that should it find upon such hearing that there was no merit in the case of Woodhouse, as made out in his answer and cross-bill and depositions, then the proceedings and decrees theretofore had and entered would stand.

Woodhouse declined to proceed on this basis and insisted that all prior proceedings in the cause be set aside before the hearing on his cross-bill and answer and depositions. Whereupon the court overruled his motion for a rehearing and confirmed the sale of the property.

We perceive no error in this action of the court. Being convinced that the defendant was not acting in good faith, but was merely attempting to delay the cause, the court had the right to decline a rehearing of the entire matter at that stage of the proceedings,—four months after Woodhouse had entered a general appearance in the cause, and after the property had been sold. The offer to re-open the cause under

the conditions stated was, therefore, more than Woodhouse was entitled to.

While no such contention was made in the court below, in the argument before us counsel for Woodhouse contended that to have accepted the offer of the court would have caused him "to waive his entire right to his equity of redemption" of the property.

In reply to this argument the appellee, Harrison, the holder of the debt secured and the purchaser of the property at the foreclosure sale, through his counsel, offered to Woodhouse the opportunity of redeeming the property even at that late date upon the payment of the debt secured, with interest and costs. However, this proposition was not accepted and nothing came of the suggested compromise settlement.

The appellant next contends that the court erred in decreeing that the property should be sold for cash. The deed of trust provided that it should be "construed in accordance with the provisions of section 5167 of the Code of Virginia." Here the argument is that the statute formerly directed the trustee, in the absence of other provisions in the deed of trust, to sell for cash alone; that when the legislature amended the statute (Acts 1926, ch. 324, p. 591) and directed that the property be sold "upon such terms and conditions as the trustee may deem best," by implication this deprived the trustee of the right to sell for cash.

■ This contention is without merit. Even before the incorporation in the statute of the present authority to sell "upon such terms and conditions as the trustee may deem best," such power was usually written in deeds of trust in this State. And from time immemorial such language has been interpreted by the profession to include the power to sell either for cash or on time. Obviously it was the purpose of the legislature to have the language of the statute conform to the accepted practice, and thus to broaden and not to restrict the powers of the trustee.

■ The appellant complains of the action of the court in entering a personal decree against him for the amount remaining due on the deed of trust indebtedness after the application of the net proceeds of the sale thereto.

The bill contained a prayer for such a deficiency judgment. It is conceded that Woodhouse made a general appearance in the suit. The court found that the property had been sold at a fair price, that the moneys had been properly applied, and that there was a balance of $692.37, with interest, remaining unpaid on the indebtedness. It was entirely proper, therefore, that a personal judgment should have been entered for this amount.

It would serve no good purpose to undertake to discuss the other assignments of error. Suffice it to say that we have carefully considered each of them and find no error in any of the decrees appealed from. Such decrees are accordingly

*Affirmed.*