## Staunton

TEXACO, INCORPORATED v. GEORGE RUNYON, ET AL.

September 9, 1966.

Record No. 6230.

Present, All the Justices.

*Herbert L. Karp* for the plaintiff in error.

No brief or argument for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

Texaco, Incorporated, plaintiff, complains of the dismissal by the Circuit Court of its action against George Runyon and Doris Runyon, defendants, to recover on an account against them for $1,765.24.

The action was commenced by a warrant issued from the County Court of Fairfax county and executed on the defendants in that county on December 5, 1963. To this warrant the defendants filed

their "answer," written and sworn to, on December 31, 1963, in which they admitted doing business with the plaintiff on an open account from July 11, 1962, to on or about January 1, 1963, but complained that the statement of account furnished by the plaintiff was not accurate, and they moved the court for a bill of particulars setting forth the credits, debits and balances between the parties.

On April 24, 1964, plaintiff filed a bill of particulars with a statement of its account. On May 1, 1964, defendants filed their written motion for "further particulars," and mailed a copy to the plaintiff's attorneys, in which they asserted that the statement furnished by the plaintiff was not sufficient.

Thereafter, on July 23, 1964, the County Court granted defendants' "motion to dismiss" on the ground of "jurisdiction." Plaintiff states in its brief that this was after it had introduced evidence and one of defendants had testified, but the record before us does not contain any testimony.

The plaintiff appealed from this decision of the County Court to the Circuit Court of Fairfax county. In the latter court, on January 7, 1963, the defendants moved to dismiss the action on the ground that the municipal court of Falls Church, Virginia, had exclusive original jurisdiction of the matter under § 19.05 (b) of the charter of that city. The Circuit Court sustained the motion and dismissed the action by order entered January 28, 1965, to which plaintiff was awarded a writ of error. Defendants made no appearance and filed no brief in this court.

The charter of the city of Falls Church was granted by Acts of Assembly of 1950, Ch. 323, p. 501. Chapter 19 of the charter provided for the election by the council of a civil and police justice for the city. Section 19.05 (b) in that chapter provided that the said civil and police justice shall have exclusive original jurisdiction in all civil matters cognizable by trial justices for the counties. That provision of the charter, however, was changed by Acts of Assembly of 1956, Ch. 555, p. 854, which repealed Title 16 of the Code, on the subject of courts not of record, and enacted in its place Title 16.1, now codified as §§ 16.1-1 through 16.1-217 of the Code.

Section 16.1-1 provides: "All acts and parts of acts, all sections of this Code, and all provisions of municipal charters, inconsistent with the provisions of this title, are, except as herein otherwise provided, repealed to the extent of such inconsistency."

Section 16.1-6 provides: "The present system of courts below the jurisdictional level of the circuit and corporation courts is con-

tinued, and such courts, however named or designated herein, shall, except as otherwise provided in this title, have the same powers and jurisdiction as are now conferred upon such courts under existing law. Unless otherwise provided herein such courts shall be classified and designated as courts not of record."

Section 16.1-52 provides that in each city having a population of ten thousand or more but less than forty-five thousand [applicable to Falls Church], there shall be a municipal court which may be called the civil and police court of such city.

Section 16.1-55 provides that, with exceptions not here applicable, "the courts below the jurisdictional level of courts of record existing in cities and towns on July 1, 1956, are continued as municipal courts of the respective cities and towns, * *. * * Courts below the jurisdictional level of courts of record hereafter created and given general jurisdiction in cities and towns shall likewise be classified as municipal courts, and shall be subject to the applicable provisions of this title."

Chapter 6 of Title 16.1 deals with the subject of "Venue, Jurisdiction and Procedure in Civil Matters," and § 16.1-76 in that chapter provides that the venue provisions of § 8-38 of the Code shall apply to civil actions brought in courts not of record, and, in addition, any civil action within the jurisdiction of a court not of record may be brought in any county or city where a defendant is regularly employed or has his regular place of business or in which the cause of action or any part thereof arose.

Section 16.1-77 provides that each court not of record, having jurisdiction of civil matters, shall have, within the limits of the territory it serves, "Exclusive original jurisdiction of any claim * * to any debt * * when the amount of such claim does not exceed three hundred dollars * *, and concurrent jurisdiction with the courts of record * * when the amount thereof exceeds three hundred dollars but does not exceed two thousand dollars * *."

It thus appears that the civil and police court (municipal court) of the city of Falls Church did not have exclusive jurisdiction of the plaintiff's claim of $1,765.24. It may be accepted as also true, as indicated in this record, that the County Court of Fairfax county did not have territorial jurisdiction of plaintiff's claim, but it did have potential jurisdiction thereof; that is, it had the power under the statutes to adjudicate claims of the character asserted by the plaintiff in the municipal court, and hence the question involved was not one of jurisdiction, in the sense of power to decide, but one of venue, which could be waived and which the defendants did waive by their

general appearance to the action in the County Court and filing pleadings therein.

"* * Venue and jurisdiction, though sometimes confounded, are, accurately speaking, separate and distinct matters. Jurisdiction is authority to hear and determine a cause, or 'it may be defined to be the right to adjudicate concerning the subject matter in the given case.' It is, like venue, regulated by statute or organic law. Venue is merely the place of trial, and the purpose of statutes prescribing venue is to give defendants the *privilege* of being sued only in the place or places prescribed by the statutes. 'But it is a privilege which may be waived, and which, if about to be denied, must, in Virginia, be claimed by plea in abatement filed in pursuance of [Code 1950, § 8-133], otherwise it will be lost, if the court in which the action or suit is brought has general jurisdiction of such an action or suit and has the subject matter and the proper parties, plaintiff and defendant, before it.' " Burks Pleading & Practice, 4 ed., § 37, pp. 45, 46.

This accords with our holdings in *Moore* v. *Norfolk & W. Ry. Co.*, 124 Va. 628, 98 S.E. 635; *James* v. *Powell*, 154 Va. 96, 152 S.E. 539; *Woodhouse* v. *Burke & Herbert Bank*, 166 Va. 706, 185 S.E. 876. See also Lile's Equity Pleading & Practice, 3 ed. (Meade), § 29, pp. 18, 19.

Section 8-133 of the Code, referred to above, provides:

"Where the motion for judgment or bill shows on its face proper matter for the jurisdiction of the court no exception for want of such jurisdiction shall be allowed unless it be taken by plea in abatement."

In *Lucas* v. *Biller*, 204 Va. 309, 312, 130 S.E.2d 582, 585, we said:

"It is clear from the decisions of this Court that the jurisdiction referred to in this section [8-133] applies to the territorial jurisdiction of the court and denotes venue only. The statute has no application where the court has no jurisdiction over the subject matter before it. * *"

Defendants' motion to dismiss, made as it was after they had, without objection, appeared generally and filed pleadings in the County Court, came too late. The motion should not have been sustained in the County Court or in the Circuit Court, both of which had then acquired jurisdiction.

The order of the Circuit Court dismissing the case is reversed and the case is remanded to that court to be there heard and decided.

*Reversed and remanded.*