COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia

KEVIN ANDRE JONES

v.          Record No. 2019-94-1      MEMORANDUM OPINION[*] BY
                                       JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                  NOVEMBER 21, 1995

        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Johnny E. Morrison, Judge

        Dianne G. Ringer, Assistant Public Defender,
        for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        Kevin Andre Jones (defendant) was convicted of aggravated

malicious wounding and the related use of a firearm. He complains

on appeal that (1) the trial court lacked jurisdiction to receive

the testimony of the victim at a location outside its judicial

circuit, and (2) the circumstances which attended this testimony

denied his right to a public trial. We disagree and affirm the

convictions.

        The parties are fully conversant with the record in this case,

and we recite only those facts necessary to a disposition of this

appeal.

        Under familiar principles of appellate review, the evidence is

viewed in the light most favorable to the Commonwealth, granting to

it all reasonable inferences fairly deducible therefrom. Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

"[T]he conduct of a trial is committed to the trial judge's discretion, and absent evidence of an abuse of this discretion, we will not disturb [such] rulings . . . ."  Justus v. Commonwealth, 222 Va. 667, 676, 283 S.E.2d 905, 910 (1981), cert. denied, 455 U.S. 983 (1982).

It is uncontroverted that defendant shot Steven Smith in the City of Portsmouth, and the resulting injuries left Smith hospitalized, without use of his arms or legs, breathing with assistance of a respirator, and otherwise physically impaired.  The Commonwealth proffered that "moving [Smith] would be difficult and place him at some risk" and requested that Smith's testimony be received in his hospital room in Norfolk, Virginia.  Defendant objected, arguing that such procedure would "violate [his] right to a fair and public trial."  Noting that the entire trial, save Smith's testimony, would be conducted in its Portsmouth courtroom, the trial court overruled the objection.

Defendant argues for the first time on appeal that the trial court was without jurisdiction when it received Smith's testimony at the Norfolk hospital, a location outside its judicial circuit.[1]  It is well established that "a ruling of a trial court cannot be a basis for reversal unless an objection is stated 'together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.'"  Campbell v. Commonwealth, 12 Va. App. 476, 480, 405

_____

[1]It is undisputed that the cities of Norfolk and Portsmouth are located in different judicial circuits.

S.E.2d 1, 2 (1991) (en banc) (quoting Rule 5A:18). Arguments not presented to the trial court will not be entertained on appeal. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). However, "objections to subject-matter jurisdiction may be raised at any time and are not waivable." Owusu v. Commonwealth, 11 Va. App. 671, 672, 401 S.E.2d 431, 431 (1991).

"Jurisdiction is authority to hear and determine a cause, or 'it may be defined to be the right to adjudicate concerning the subject matter in the given case.'" Texaco, Inc. v. Runyon, 207 Va. 367, 370, 150 S.E.2d 132, 135 (1966) (citation omitted); see Brown v. Commonwealth, 215 Va. 143, 145, 207 S.E.2d 833, 835 (1974). The circuit courts of this Commonwealth enjoy "exclusive original jurisdiction for the trial of all presentments, indictments and informations for offenses committed within their respective circuits." Code § 19.2-239; see also Code § 17-123. Thus, the Portsmouth Circuit Court clearly enjoyed the requisite jurisdiction over both defendant and the subject matter and was the proper venue for prosecution of the subject offenses.

Such jurisdiction was not disturbed when the court temporarily relocated the proceedings solely to receive the testimony of a single witness, Smith. See Code § 17-14. Defendant's challenge to this procedure thus presents no jurisdictional issue but simply questions the trial court's exercise of judicial discretion in conducting a portion of the trial beyond the bounds of its judicial circuit. However, because defendant objected only to the public trial implications of the ruling, we decline to consider other

unrelated issues.

Defendant next contends that he was denied a public trial.  We disagree.

The burden is upon the defendant to prove by a preponderance of the evidence that he was denied a public trial.  Vescuso v. Commonwealth, 5 Va. App. 59, 66, 360 S.E.2d 547, 550 (1987) (en banc).  "One measure of whether an accused has been deprived of [this right] when the trial is held at a place other than an 'open courtroom' is whether the public had freedom of access."  Id. at 65, 360 S.E.2d at 549.  In Vescuso, we held that defendants had established a prima facie case of denial of a public trial by a showing that the trial was conducted within the walls of a medium security prison.  Id. at 66, 360 S.E.2d at 550.  The location "behind a perimeter wall and in the foreboding atmosphere of a prison, [was] the very antithesis of a public courtroom" and "substantially eroded the possibility that the trial process would be subject to public scrutiny . . . ."  Id. at 67, 360 S.E.2d at 551.  However, unlike a prison, a hospital is generally open to the public and nothing in the record suggests that locked doors, guards, security devices or other impediments restricted access to the premises or victim's room.

We acknowledge that Vescuso requires a "clear and present overriding public interest or justification" before the "constitutional right of a defendant to a public trial can be jeopardized."  Id. at 68, 360 S.E.2d at 551; see Waller v. Georgia, 467 U.S. 39, 48 (1984).  Here, the health of the victim/witness,

severely injured and dependent upon life-support systems, would have been needlessly endangered by his presence at the courthouse. Under such circumstances, the public's compelling interest in the prosecution of the indictment, without compromising the victim's well-being or defendant's right to a timely, public trial, justified the decision of the trial court to adjourn the proceedings to the hospital room.

Accordingly, the convictions are affirmed.

<u>Affirmed.</u>