# CIRCUIT COURT OF THE CITY OF SALEM

Advanta Bank Corp.

v.

Michael Merrill,
d/b/a "A Images"
and/or "Images"

May 23, 2008

Case No. CL06-450

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff bank sued Defendant bankcard holder for non-payment of accumulated debt incurred for credit card charges. The suit was brought in Virginia, in the City of Salem Circuit Court. The cardholder agreement that governs the parties contract contains the following forum selection clause, "YOU CONSENT TO PERSONAL JURISDICTION IN THE STATE AND FEDERAL COURTS IN UTAH AND AGREE THAT ANY LAWSUIT PERTAINING TO THE ACCOUNT MUST BE BROUGHT ONLY IN SUCH COURTS IN UTAH REGARDLESS OF WHO FILES THE SUIT AND MAY BE MAINTAINED ONLY IN THOSE COURTS."

At trial, Plaintiff bank presented all of their evidence and rested. Defendant bankcard holder made a motion to strike Plaintiff's evidence, arguing that the cardholder agreement contained forum selection language that precluded the Plaintiff from obtaining the relief it was seeking. Defendant contends that because of the language of the forum selection clause, Plaintiff cannot obtain a money judgment against Defendant in a Virginia court. Plaintiff's position is that Defendant waived its objections to this case being tried in Virginia by making a general appearance and by participating in the trial.

*Jurisdiction and Venue*

The phrase "a court's jurisdiction" embraces multiple concepts, among which are the theories dealing with subject matter jurisdiction and personal jurisdiction. Subject matter jurisdiction, which cannot be waived nor conferred

upon the Court by agreement of the parties, "is the authority [of a court] granted through constitution or statute to adjudicate a class of cases or controversies. . . ." *Morrison v. Bestler*, 239 Va. 166, 169 (1990). Personal jurisdiction is the authority to impose a money or other personal judgment on a particular individual who is found to be within the territory of the court's authority, physically, by agreement or by operation of law, and who has received the due process requirements of notice, hearing and opportunity to be heard. *Id.* at 427, 428. Venue is merely the place of trial and is fixed by statute. Section 8.01-257, Code of Virginia (1950), as amended, et seq. See also *Burks' Pleading and Practice*, section 37, pp. 45-46 (4th ed. 1952).

Personal jurisdiction and venue can be waived in both Virginia and in Utah if not properly challenged. For waiver of personal jurisdiction in Virginia, see *Texaco, Inc. v. Runyon*, 207 Va. 367 (1966), and, in Utah, see *Bernard v. Wassermann*, 855 P.2d 243 (Utah 1993). For waiver of venue in Virginia, see *Rochelle v. Rochelle*, 225 Va. 387 (1983), and, in Utah, see *State v. Johnson*, 100 Utah 316 (1941).

A challenge to personal jurisdiction must be raised in Virginia by making a special appearance, and it is waived by making a general appearance. *Gilpin v. Joyce*, 257 Va. 579 (1999). Venue is a personal privilege and is waived if not asserted by a motion made within twenty-one days after service of process. Section 8.01-264, Code of Virginia (1950), as amended. Here, Defendant waived personal jurisdiction by making a general appearance and he waived venue by failing to raise his objection within twenty-one days after service of process. Sitting mute while the case is tried belies the Plaintiff's position that he objects to personal jurisdiction and venue.

### Contract Right

Defendant argues, in the alternative, that the forum selection clause is a contract right that must be complied with in order for Plaintiff to obtain judgment against Defendant. However, both Virginia and Utah recognize a party's right to waive contract provisions. The law on such waivers is the same in both states. They require that there be an existing right that is knowingly waived, either expressly or by implication, through the words or the actions of the parties. In Virginia, see *Employers Ins. Co. v. Great American*, 214 Va. 410, 412-13 (1973), and, in Utah, see *Soter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n*, 857 P.2d 935 (Utah 1993). The Court finds that Defendant waived his right to the enforcement of the forum selection clause when he made a general appearance and acquiesced in having his case tried in a

Virginia court. He did so knowing that this contract right existed. He allowed the case to go to trial without objection. His actions, by implication, are the outward manifestations of his intent to waive compliance with the contractual right to have this case tried in Utah.

Counsel for Plaintiff should prepare an appropriate order denying Defendant's motions to strike the Plaintiff's evidence, incorporating this letter opinion by reference, and present it for entry after first obtaining endorsement of counsel.