## WILLIAM BROWN v. COMMONWEALTH OF VIRGINIA.
## WILLIAM KIDD, JR. v. COMMONWEALTH OF VIRGINIA.

August 28, 1974.

Record Nos. 730733 and 730786.

Present, All the Justices.

*Charles F. Urquhart, III,* for plaintiff in error in Record No. 730733.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record No. 730733.

*E. Beal Carter, Jr. (Britt & Carter,* on brief), for plaintiff in error in Record No. 730786.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record No. 730786.

Snead, C. J., delivered the opinion of the court.

William Brown and William Kidd, Jr., were convicted at separate trials by the Southampton Circuit Court, sitting without a jury, on felony indictments relating to acts committed while they were inmates at the Southampton Correctional Farm located in Southampton County.

On May 1, 1973, Brown, on a plea of not guilty, was found guilty of violating Code § 53-291(5). This section provides that it is unlawful for an "inmate in a penal institution" to "[m]ake, procure, secrete or have in his possession a knife, instrument, tool or other thing not authorized by the superintendent which is capable of inflicting death or bodily injury. . . ." Brown was sentenced to serve eighteen months in the State penitentiary for the offense.

On May 30, Brown filed a motion to set aside the conviction on the ground that the court lacked jurisdiction to try the offense. He contended that under Code § 53-295,[1] jurisdiction was only in

---

[1] At the time of indictment and trial, § 53-295 provided: **"Jurisdiction for trial of convicts.** — All criminal proceedings against convicts in the penitentiary shall be in the Circuit Court of the city of Richmond; but when convicts are employed upon any work of public or private improvement in any county in the State the criminal proceedings against them may be in the circuit court of the county in which the convict is so employed or in the Circuit Court of the city of Richmond; provided that as to convicts held in the State penal institutions in the counties of Goochland and Powhatan, criminal proceedings against them may be held in the circuit court of the respective county or in the Circuit Court of the city of Richmond; provided further that any convict prosecuted under the provisions of article 1 (§18.1-273 et seq.) of chapter 6 of Title 18.1 may be tried in the court wherein the offense occurred.

In any proceedings instituted in the Circuit Court of the city of Richmond or the circuit courts of the counties of Goochland and Powhatan under the provisions of this section the court may be convened and such proceedings conducted at such place or places within the limits of the city of Richmond or the counties of Goochland or Powhatan respectively, as the judge of such court may deem proper."

The 1973 General Assembly rewrote and clarified § 53-295. It now reads:

"All criminal proceedings against convicts in the penitentiary shall be in the Circuit Court of the city of Richmond or in the court having criminal jurisdiction in the county or city in which the offense occurred."

the Circuit Court of the City of Richmond. The motion was overruled, and he has assigned error to the trial court's action in denying his motion.

On May 21, 1973, defendant Kidd, on pleas of not guilty, was tried on two indictments each charging malicious maiming under Code § 18.1-65 and on one indictment charging possession of an unauthorized weapon under § 53-291(5). Prior to trial, Kidd moved to quash the indictment charging him with possession of an unauthorized weapon, arguing that under § 53-295 the Southampton Circuit Court lacked jurisdiction. The motion was overruled. Kidd was found guilty and sentenced to serve ten years in the State penitentiary on each of the malicious maiming convictions and eighteen months on the conviction for possession of an unauthorized weapon. We granted writs of error to the three judgments of conviction.

The basic question both the Brown and Kidd cases present is whether § 53-295 was jurisdictional in nature, thereby requiring that prisoners incarcerated at the Southampton Correctional Farm be tried in the Circuit Court of the City of Richmond, or whether § 53-295 only prescribed the proper venue for the trial of these prisoners.

Jurisdiction may be generally defined as the power to hear and adjudicate a case on its merits. *Shelton* v. *Sydnor*, 126 Va. 625, 629, 102 S.E. 83, 85 (1920). The power cannot be conferred upon a court by the parties and where jurisdiction is lacking, action by a court is a nullity. *Southern Sand and Gravel Co.* v. *Massaponax Sand and Gravel Corp.*, 145 Va. 317, 323-24, 133 S.E. 812, 813-14 (1926). In criminal cases, the circuit courts have original and general jurisdiction as provided by Code § 17-123.[2]

In contrast, venue is the place fixed for a trial. Venue, as a matter of policy, is set for the convenience of the parties. *Southern Sand and Gravel Co.* v. *Massaponax Sand and Gravel Corp., supra.*

In criminal cases, venue is generally set at the place where the crime was committed. Rule 3A:17 of Rules of Court; *Howell* v. *Commonwealth,* 187 Va. 34, 40-41, 46 S.E.2d 37, 40-41 (1948). This rule is subject to exception. For example, by statute, a

---

[2] This section states in part: "The circuit courts . . . shall have original and general jurisdiction . . . of all cases, civil or criminal, in which an appeal may be had to the Supreme Court. They shall also have original jurisdiction of all indictments for felonies and of presentments, information and indictments for misdemeanors."

change of venue may be granted in criminal cases for good cause shown. Code § 19.1-224. Proper venue may be waived by failure to raise the question before the verdict or a finding of guilty by the court. Rule 3A:17; *Hicks* v. *Commonwealth,* 157 Va. 939, 947, 161 S.E. 919, 921 (1932).

In the present cases, appellants argue that § 53-295 establishes jurisdiction, thereby limiting the general jurisdiction conferred upon circuit courts by § 17-123. In their view, only the Circuit Court of the City of Richmond had the power to try them for their offenses committed while incarcerated in the Southampton Correctional Farm. We do not agree.

No express or mandatory language in § 53-295 limits jurisdiction only to the Circuit Court of the City of Richmond. Furthermore, use of the word "jurisdiction" in the summary title is not controlling. The summary title is not part of the body of the statute and, in the proper context, the word "jurisdiction" may be used to mean venue. *County School Board* v. *Snead,* 198 Va. 100, 106-107, 92 S.E.2d 497, 503 (1956).

*County School Board* presented an analogous situation supporting the interpretation of § 53-295 as prescribing venue. There, the question before this Court was whether Code § 8-42 limited the jurisdiction of circuit courts in considering mandamus writs. Section 8-42 reads in part: "Jurisdiction of writs of mandamus . . . shall be in the circuit court of the county . . . to which the writ relates." This Court held that "jurisdiction" as employed in § 8-42 means "venue," and that the Circuit Court of the City of Richmond had jurisdiction to try a writ of mandamus against the Tazewell County School Board under its potential power conferred by § 17-123. *See also Southern Sand and Gravel Co.* v. *Massaponax Sand and Gravel Corp., supra.*

Appellants cite *Ruffin* v. *Commonwealth,* 62 Va. (21 Gratt.) 790 (1871) in support of their position that the Circuit Court of the City of Richmond had exclusive jurisdiction to try them for the offenses committed. This case is not controlling. It did not directly deal with the question here involved. Instead it was concerned primarily with whether trial in Richmond for a crime committed in Bath County by a penitentiary inmate violated the constitutional requirement that an accused be afforded a trial by an impartial jury of his vicinage. While this Court decided that the trial in the Circuit Court of the City of Richmond did not

violate this requirement, it did not find that the Circuit Court of the City of Richmond had exclusive jurisdiction to try the case.

We hold § 53-295 to be a venue statute, not limiting the general criminal jurisdiction conferred upon circuit courts by § 17-123.

■ Since defendant Brown did not make a timely objection to the venue of his trial, the question of venue has been waived. Rule 3A:17. The judgment of conviction will, therefore, be affirmed.

Defendant Kidd did not object to the venue for trial of the two charges of malicious maiming. These judgments of conviction will, therefore, be affirmed.

However, Kidd did object to the venue for trial on the indictment charging him with possession of an unauthorized weapon under § 53-295.

■ The Commonwealth contends that despite Kidd's objection, Southampton County was the proper venue for trial under § 53-295, which provided in part: "[W]hen convicts are employed upon any work of public or private improvement in any county in the State the criminal proceedings against them may be in the circuit court of the county in which the convict is so employed." The Commonwealth argues, in effect, that this provision covers incarceration in the Southampton Correctional Farm, since one function of the penal system is to provide for the rehabilitation and improvement of prisoners.

The Commonwealth's interpretation is too broad. The meaning of the word "improvement" should be viewed from the statutory context. See Sellers v. Bles, 198 Va. 49, 56, 92 S.E.2d 486, 490 (1956). The provision in question was incorporated in the statute in 1894, Code § 4179; Acts of Assembly 1893-94, c. 632, p. 734, and contemplated the employment of convicts either as labor hired out to private companies or as labor upon a public project. One example of the type of activity included within the term "improvement" is highway labor by prisoners assigned to the Bureau of Correctional Field units pursuant to Code §§ 53-100, et seq. The provision of the statute was not meant to embrace personal rehabilitation within the term "private improvement."

The record does not show the nature of Kidd's activities at the Southampton Correctional Farm. He may very well have been employed in work of public or private improvement covered by §

53-295 at the time the offense was committed. However, the mere fact of his incarceration is not sufficient to establish that he was engaged in such work.

Since proper venue of the Southampton Circuit Court depended on whether Kidd was "employed upon any work of public or private improvement" and the record is devoid of evidence relating to the question, we set aside the judgment of conviction for possession of an unauthorized weapon and remand the case for a determination of this question and for the entry of such judgment as the court may deem proper.

*Brown* v. *Commonwealth,* Record No. 730733, *Affirmed.*

*Kidd* v. *Commonwealth,* Record No. 730786,

> Malicious Wounding of Horace L. Hunt — *Affirmed.*
>
> Malicious Wounding of Avis D. McAllister — *Affirmed.*
>
> Possession of Unauthorized Weapon — *Reversed and remanded.*