**Wayne W. STRADER, Petitioner,**

**v.**

**Donald R. BLALOCK, Superintendent, Danville City Prison Farm, Respondent.**

**Civ. A. No. 75–0033.**

United States District Court, W. D. Virginia, Danville Division.

Oct. 21, 1975.

Wayne W. Strader, pro se.

Wm. H. Fuller, III, Danville, Va., for Commonwealth, and Joseph M. Whitehead, Commonwealth's Atty. for Pittsylvania County, for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

█ Wayne Strader, an inmate at State Road Camp # 12, Charlottesville, Virginia, has filed this *pro se* petition for a writ of habeas corpus. Petitioner challenges both the fact of his confinement and the conditions of confinement at Danville City Prison Farm, where he was previously interred. Since petitioner proceeds *pro se* we are obliged to construe his petition liberally. Therefore, the petition will be considered both as one for a writ of habeas corpus and a request for injunctive relief under 42 U.S.C. § 1983. The court's jurisdictional authority for consideration of petitioner's civil rights claims emanates from 28 U.S.C. § 1343. Respondent has filed a Motion to Dismiss and an Answer.

Petitioner was tried and convicted on November 21, 1974, in the Circuit Court of Pittsylvania County, and, on January 17, 1975, was sentenced to thirteen (13) years in the county jail for nine (9) counts of statutory burglary and six (6) counts of grand larceny. He made no appeal of his conviction.

Petitioner makes the following allegations:

1) He was forcibly brought into Virginia from North Carolina by a Virginia law enforcement officer without the appropriate extradition proceedings authorizing his removal;

2) His thirteen (13) year sentence for nine (9) counts of statutory burglary and six (6) counts of grand larceny constitut-ed an overly harsh sentence amounting to cruel and unusual punishment;

3) He had no access to legal materials while confined at Danville City Prison Farm;

4) He was confined in maximum security without justification while at Danville City Prison Farm;

5) He was forced to remain indoors and received no fresh air or exercise while at Danville City Prison Farm;

6) He received improper medical attention while at Danville City Prison Farm;

7) Dental treatment was not provided at Danville City Prison Farm;

8) He was improperly fed while at Danville City Prison Farm;

9) He was denied a dictionary while at Danville City Prison Farm;

10) His family's visitation rights were improperly interfered with at Danville City Prison Farm.

█ The first two allegations are properly before the court by way of a petition for a writ of habeas corpus—in that they question the very fact of confinement—and will be dealt with on that basis. The remaining allegations deal with the conditions of confinement and will be considered as allegations of deprivations of petitioner's civil rights under 42 U.S.C. § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). This court can find no evidence of a prayer for damages based on the latter allegations and, therefore, will consider the relief desired to be injunctive relief.

I

█ Petitioner's first allegation deals with the manner in which he was brought before the trial court. Petitioner's conviction occurred on November 21, 1974, so the Virginia statutory period for appeal in this claim has passed. Va.Code § 8–463 (1950). It is presumed that the petitioner has not waived his right to appeal on this issue, so he is not precluded from raising on habeas corpus mat-

ters which he could have raised on appeal in the state courts, since the appellate procedure is no longer available to him. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Additionally, in Virginia, the principle that the deprivation of a constitutional right of a prisoner may be raised by habeas corpus is inapplicable when a prisoner has been afforded a fair and full opportunity to raise and have adjudicated an alleged non-jurisdictional defect of a judgment of conviction, and he fails to take advantage of that opportunity. *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1974). Even assuming petitioner's claim achieves constitutional magnitude, the Virginia Supreme Court has decreed that, in criminal cases, the circuit courts have original and general jurisdiction as provided by Va.Code § 17–123 (1973). *Brown v. Commonwealth,* 215 Va. 143, 207 S.E.2d 833 (1974). The section states in part:

> The circuit courts . . . shall have original and general jurisdiction . . . of all cases, civil or criminal, in which an appeal may be had to the Supreme Court [of Appeals]. They shall also have original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors.

There is no limitation to this jurisdiction based on the manner in which the defendant is brought before the court. Therefore, a petition for a writ of habeas corpus to the Supreme Court of Virginia would be ineffective to protect the rights of petitioner because he failed to raise his claim at trial. 28 U.S.C. § 2254(b). Thus this court will consider the first allegation raised by the petition.

■ Even though this court may consider matters which should normally be raised at trial or on appeal in the state courts, this court does not sit as court of appeals over state trial courts. We will not grant relief under habeas corpus for matters or even violations of state law and procedure unless those matters impugn fundamental fairness or infringe

upon specific constitutional protections. *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir. 1960). Thus petitioner's allegation of illegality in the manner of his transportation into Virginia to stand trial for his offenses must raise a constitutional issue or it fails. *Id.* We find it fails.

■ The United States Supreme Court has spoken to this issue several times. The most recent decision occurred in 1952 where they stated:

> [T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction."

*Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952).

*Frisbie* rests on the sound basis that

> due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

*Id.*

Thus, petitioner's first allegation fails to raise a constitutional issue and is thereby dismissed with prejudice.

## II

Petitioner's second allegation also questions the very fact of his confinement, specifically the length of his sentence. Petitioner's statutory period for appeal on this claim has likewise expired and we again presume that he had not waived his right to appeal on this issue. *Fay v. Noia, supra.* And for the identical reasons we found a petition for a writ of habeas corpus to the Supreme Court of Virginia ineffective to protect petitioner's rights regarding his first allegation, we find that such a petition would be similarly ineffective to protect his rights regarding his second allegation. Therefore, this court will consider

the second allegation raised in the petition. We likewise find that it fails to raise a constitutional issue.

 Petitioner was sentenced to thirteen (13) years for his multiple offenses. A sentence imposed by a state court judge, if within statutory limits, is not subject to review. *Stevens v. Warden*, 382 F.2d 429 (4th Cir. 1967). Va. Code § 18.1–100 (1966) sets the permissible punishment for one count of grand larceny alone at not less then one nor more than *twenty* years confinement. Petitioner was convicted of six (6) counts of grand larceny which could carry a punishment of 120 years confinement, without consideration of his conviction of an additional nine (9) counts of statutory burglary. Petitioner should consider himself fortunate to have only received thirteen years confinement. Petitioner's second allegation is not reviewable and is hereby dismissed with prejudice.

### III

The remainder of petitioner's allegations relate to the conditions of his confinement at the Danville City Prison Farm. Petitioner has since transferred to the State Convict Road Camp # 12. Thus, all of the complaints about conditions of his confinement in Danville City Prison Farm have become moot. This is especially true since this court has construed petitioner's desire for relief to be that of injunctive relief, rather than damages. Accordingly, petitioner's prayer for relief under 42 U.S.C. § 1983 is denied and his petition is dismissed.

For the above reasons, this case is dismissed and ordered stricken from the docket. The petitioner is advised that he may appeal this decision within thirty (30) days of the decision to the Fourth Circuit Court of Appeals.