Jimmy DUPREE, Plaintiff,

v.

**LUBBOCK COUNTY JAIL,
et al., Defendants.**

Civ. A. No. 5:91–CV–165–C.

United States District Court,
N.D. Texas,
Lubbock Division.

Sept. 24, 1992.

Jimmy Dupree, pro se.

Sunny Horton Ratliff, Lubbock, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

CUMMINGS, District Judge.

### ORDER

Came to be heard in the above-styled and -numbered cause, on Motion for Summary Judgment on grounds of qualified immunity Defendant Officer Craig Reidy, a Deputy Sheriff of Lubbock County, Texas. After consideration of the record, the court is of the opinion that the Plaintiff's complaint against the Lubbock County Jail and Officer Reidy be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted, Fed. R.Civ.P. 12(b)(6), and the Defendant's Motions for Summary Judgment and for Continuance be DENIED AS MOOT. The court hereby VACATES its Order for Writ of Habeas Corpus Ad Testificandum entered in the above-styled and -numbered cause on June 18, 1992.

### OPINION

Plaintiff was formerly detained in the Lubbock County Jail. He is currently an inmate at the Roach Unit of the Texas Department of Corrections in Childress, Texas. Plaintiff filed a *pro se* action against Defendant Officer Craig Reidy and others [1] alleging civil rights violations under 42 U.S.C.A. § 1983 (West 1981), namely, deprivation of medical care by a state official while detained.[2] Plaintiff's com-

---

1. Lubbock County Sheriff D.L. "Sonny" Keesee and Sergeant (now Lieutenant) Juanita Cox, another Lubbock County Deputy Sheriff, were formerly named as defendants. They were dismissed without prejudice by Magistrate Judge J.Q. Warnick because of Plaintiff's failure to state a cause of action. Fed.R.Civ.P. 12(b)(6).

Lubbock County Jail is also a named defendant; however, Plaintiff does not state a claim against the County.

2. Plaintiff's pleadings do not indicate whether he was a pretrial detainee or a convicted offender while in the Lubbock County Jail, despite

plaint alleged that on May 26, 1991, he informed the Control Officer on duty that he was having an asthma attack, and that he needed medication. Plaintiff further alleged that Defendant refused to bring him his medication.

Defendant moved for summary judgment on grounds that he was entitled to qualified immunity. The court does not reach the issue of qualified immunity because the court has determined that Plaintiff's claim should be dismissed *sua sponte* for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Neither Plaintiff's Original or Amended Complaints nor his Supplemental Pleading requested specific relief. *See* Fed.R.Civ.P. 8(a)(3) ("A pleading which sets forth a claim for relief, ... shall contain ... (3) a demand for judgment for the relief the pleader seeks.") The following constitute the requested relief in each of the Plaintiff's pleadings:

Original Complaint: "I would like for some legal actions to be taken on these officers in this matter and I would also like to file a lawsuit on the matter"

Amended Complaint: "I would like to bring a lawsuit against the Lubbock County Jail."

Supplemental Pleading: the space for relief requested was left blank.

Plaintiff has asked for and the court finds no evidence of a request for money damages. The court agrees with the reasoning in the case of *Strader v. Blalock*, 405 F.Supp. 1155 (W.D.Va.1975), that, under the rules requiring liberal construction of *pro se* petitions, when there is no evidence of a prayer for damages based on the allegations contained in the complaint, the court should consider Plaintiff's desired relief to be injunctive relief. *Id.* at 1157. The court further agrees with the reasoning in the case of *DeGidio v. Pung*, 704

F.Supp. 922 (D.Minn.1989), that injunctive relief should only be granted if the injunction will prevent future wrongs from happening to the Plaintiff. *Id. at 959.* Because Plaintiff is no longer incarcerated in the Lubbock County Jail, the Plaintiff is no longer subject to the repetition of the alleged wrongs by the Defendant, and injunctive relief would serve no purpose.

 It is clear to the court that Plaintiff has not requested any relief which this court is able to grant. A district court may, on its own motion, dismiss a complaint for failure to state a claim. *Shawnee International, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir.1984) (citations omitted). Therefore the court is of the opinion that this complaint should be dismissed *sua sponte* for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

SO ORDERED.

---

requests to indicate so in the magistrate judge's orders for amended and supplemental pleadings. If Plaintiff was a pretrial detainee, his cause of action would be a violation of his Fourteenth Amendment Due Process right to be free of punishment without trial, as established by *Cupit v. Jones*, 835 F.2d 82 (5th Cir.1987).

However, if Plaintiff was a convicted prisoner, his cause of action would be for a violation of his Eighth Amendment right to be free from cruel and unusual punishment, as established by *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).