COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


TRACY MARICE PENN
                                          OPINION BY
v.    Record No. 0321-99-3      JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 2, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                    Charles M. Stone, Judge

            Vikram Kapil, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Amy L. Marshall, Assistant Attorney General
            (Mark L. Earley, Attorney General;
            Jeffrey S. Shapiro, Assistant Attorney
            General, on brief), for appellee.


    Tracy Marice Penn appeals his conviction of felonious

possession of a controlled substance while an inmate of a state

correctional facility in violation of Code § 53.1-203(6).  Penn

argues (1) that the circuit court erred in deeming him to be a

"prisoner" within the meaning of the statute, and (2) that the

court erroneously founded its jurisdiction to try his case on

Code § 53.1-205.  We disagree and affirm.

                          BACKGROUND

    On January 10, 1998, Penn was arrested for public

drunkenness.  He was charged under Code § 18.2-388 and placed in

an "isolation cell" at the Martinsville City Jail, a local

detention facility. While Penn was being held in the cell, Sergeant John Robertson observed Penn attempting to hide a small cellophane bag in the front of his pants. Robertson then searched Penn and found the bag secreted in Penn's groin. The bag contained a green leafy substance, later determined to be marijuana. Penn was charged under Code § 53.1-203(6) with possession of marijuana by an inmate. Sgt. Robertson testified that persons held on charges of public intoxication usually are kept in custody until they become sober, at which time they are released upon posting a personal recognizance bond. Bond was set the morning following Penn's arrest for public drunkenness, and, upon posting bond, Penn was released pending trial on that charge.

At Penn's bench trial for felony possession of marijuana, Penn argued that the charge should be dismissed on two grounds: 1) the evidence failed to establish that Penn was a "prisoner" within the meaning of Code § 53.1-203(6); and 2) the court lacked jurisdiction to try the matter under Code § 53.1-205, because that statute limits the court's jurisdiction to persons confined in "state correctional" facilities, and the Martinsville City Jail did not qualify as such.

The court rejected these arguments and proceeded to trial of the case. At the conclusion of the evidentiary phase of the trial, Penn moved to strike the Commonwealth's evidence on the

ground that the evidence failed to prove he was a "prisoner" within the meaning of the statute. In denying the motion, the court declined to read Code § 53.1-203(6) in the narrow fashion urged by Penn, and found that Penn was a "prisoner" within the intent of the statute. Penn was found guilty as charged, and he was sentenced to thirty days in jail, suspended on condition of six months supervised probation. Penn noted his appeal to this Court.

<u>MEANING OF "PRISONER" IN CODE § 53.1-203(6)</u>

Penn argues that his detention in the Martinsville City Jail was not an "imprisonment" within the intent of Code § 53.1-203(6), but was, rather, merely a "detention" until he was sober enough to be released. On that ground, he contends he should have been convicted only of the misdemeanor offense of unlawful possession of marijuana in violation of Code § 18.2-250.1(A).[1] This contention is without merit.

Code § 53.1-203 states, in pertinent part:

> It shall be unlawful for a prisoner in a state, local or community correctional facility . . . to . . . Procure, sell, secrete or have in his possession a controlled substance classified in Schedule III of the Drug Control Act . . . or marijuana.

---

[1] The statute reads: "It is unlawful for any person knowingly or intentionally to possess marijuana . . . . Any person who violates this section shall be guilty of a misdemeanor, and shall be confined in jail not more than thirty days . . . ."

- 3 -

The issue on appeal presents a question of statutory interpretation, which "is the prerogative of the judiciary." Sims Wholesale Co., Inc. v. Brown-Forman Corp., 251 Va. 398, 404, 468 S.E.2d 905, 908 (1996). As such, it presents a question of law, which we review de novo. See Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc). In construing the language of a statute, we "'"must take the words as written"' . . . and give them their plain meaning." Krampen v. Commonwealth, 29 Va. App. 163, 167, 510 S.E.2d 276, 278 (1999) (quoting Adkins v. Commonwealth, 27 Va. App. 166, 169, 497 S.E.2d 896, 897 (1998) (quoting Birdsong Peanut Co. v. Cowling, 8 Va. App. 274, 277, 381 S.E.2d 24, 26 (1989))).

"Prisoner" generally is defined as "[a] person who has been apprehended by a law-enforcement officer and is in custody, regardless of whether the person has yet been put in prison." Black's Law Dictionary 1213 (7th ed. 1999); see Mabe v. Commonwealth, 14 Va. App. 439, 440-41, 417 S.E.2d 899, 900 (1992) (Code § 53.1-203's reference to "prisoner in a . . . correctional facility" refers to individual's status as one lawfully in custody, and appellant who fled custody while on work release from county jail was "in every sense a prisoner in a correctional facility"); see also Rollin M. Perkins & Ronald N. Boyce, Criminal Law 566 (3d ed. 1982) (one is a prisoner

because he is "in the custody of any person who had lawfully arrested him").  Code § 53.1-203(6) uses the word "prisoner" in this general sense, supplying no specific definition for the term.  Because "[i]n construing the language of a statute, the Court 'must take the words as written' . . . and give them their plain meaning," Krampen, 29 Va. App. at 167, 510 S.E.2d at 278 (citation omitted), we find that Penn was a prisoner within the meaning of Code § 53.1-203(6) and that the statute applies in this case.

Penn's reliance on Mabe is misplaced; indeed, Mabe supports the result reached here.  Mabe concerned an inmate of the Washington County Jail who was assigned to work outside the jail at a senior citizens' center.  After working at the center for four or five hours, Mabe escaped and was recaptured two days later.  Mabe argued that his conviction under Code § 53.1-203(1) was improper, because the statute stated that it was unlawful for a prisoner to "[e]scape from a correctional facility or from any person in charge of such prisoner," and he was neither "in" a correctional facility at the time of his escape, nor in the charge of a correctional officer, as required under the statute.  We upheld his conviction, holding that the term "in" did not narrow the ambit of the statute to prisoners physically inside correctional facilities.  See Mabe, 14 Va. App. at 440-41, 417 S.E.2d at 900.  The statute "refers to the status of the escapee

- 5 -

[as a prisoner], not to the circumstances of escape."  Id. at 441, 417 S.E.2d at 900.

We also find no merit in Penn's further argument that under Code § 18.2-388[2] he was merely a detainee for detoxification, that he was thus free to leave upon becoming sober, and that therefore he was not imprisoned.  Contrary to Penn's argument that he was placed in a detention cell for the sole purpose of becoming sober and being subsequently released, the record reveals that he was arrested on a charge of public drunkenness and was held in jail pending his posting of a recognizance bond. Because Penn was arrested under the statute, he cannot claim to have been free to leave at any time.  His argument on this ground thus fails.  In short, Penn was a prisoner within the meaning of Code § 53.1-203(6), and was subject to prosecution under that statute.

<u>JURISDICTION OF THE TRIAL COURT</u>

Penn further contends that even if he were a "prisoner" within the intent of Code § 53.1-203(6), the circuit court

---

[2] The statute reads:

> If any person . . . is intoxicated in public
> . . . he shall be deemed guilty of a Class 4
> misdemeanor.  In any area in which there is
> a court-approved detoxification center a law
> enforcement officer may authorize the
> transportation . . . of public inebriates to
> such detoxification center in lieu of
> arrest; however, no person shall be
> involuntarily detained in such center.

- 6 -

lacked jurisdiction to hear and adjudicate his case because the explicit terms of Code § 53.1-205[3] grant jurisdiction only over persons confined in state correctional facilities.  Penn argues that the holding cell in the Martinsville jail is a "local detention facility," not a "state correctional facility." Although he concedes that Code § 53.1-203, which prohibits possession of marijuana by "prisoners," refers to "state, local, or community correctional facilit[ies]," he argues that if the legislature intended the jurisdiction conferred in Code § 53.1-205 to be coterminous with the prohibitions of Code § 53.1-203, the statute must state so expressly.  Because it does not, he argues the circuit court lacked jurisdiction over his case.  We disagree.

Although Penn is correct that Code § 53.1-205 applies only to prisoners in state correctional facilities, he misconstrues the statute as conferring jurisdiction.  "'Jurisdiction' means the power of a court to hear and determine a cause, which power is conferred by a constitution or by statute, or both." Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 388, 404 S.E.2d 388, 392 (1991) (citation omitted).  Although the summary

---

[3] The statute states:  "Jurisdiction for trial of prisoners; nature of proceedings.  Subject to the provisions of §§ 53.1-203 and 53.1-204, the jurisdiction, proceedings, trial and judgment in a criminal proceeding against a person confined in a state correctional facility shall be as is provided for in other cases of criminal prosecution."

title of Code § 53.1-205 is "Jurisdiction for trial of prisoners," this statute, like its predecessor, former Code § 53-295, may be construed as "a venue statute, not limiting the general criminal jurisdiction conferred upon [the] circuit courts by" Code §§ 17.1-513 and 19.2-239.  Brown v. Commonwealth, 215 Va. 143, 147, 207 S.E.2d 833, 836 (1974).  As the Supreme Court has observed, the "use of the word 'jurisdiction' in the summary title [of a statute] is not controlling.  The summary title is not part of the body of the statute, and in the proper context, the word 'jurisdiction' may be used to mean venue."  Id. at 146, 207 S.E.2d at 836 (citing County School Bd. v. Snead, 198 Va. 100, 106-07, 92 S.E.2d 497, 503 (1956)).  Code § 53.1-205 presents such a context.  Code § 53.1-205 provides that "the jurisdiction, proceedings, trial, and judgment in a criminal proceeding against a person confined in a state correctional facility shall be as is provided for in other cases of criminal prosecution."  It does not, in itself, establish jurisdiction to try the offense or issue in this case, and by its own terms makes plain that a criminal proceeding against a person confined in a state correctional facility shall be governed by the same statutory rules "as [are] provided for in other cases of criminal prosecution."  See id. (holding that former Code § 53-295 did not expressly limit jurisdiction in prosecutions of state prisoners).

Statutes governing "other cases of criminal prosecution" include those establishing jurisdiction.  Code § 17.1-513 establishes the general jurisdiction of the circuit courts.  It provides that "[t]hey shall . . . have original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors."  See Owusu v. Commonwealth, 11 Va. App. 671, 673, 401 S.E.2d 431, 431 (1991) (former Code § 17-123 (predecessor to Code § 17.1-513) provided the circuit courts with jurisdiction over all felonies committed in the Commonwealth).  Code § 19.2-239 provides that "[t]he circuit courts . . . shall have exclusive original jurisdiction for the trial of all presentments, indictments and informations for offenses committed within their respective circuits."  See Curtis v. Commonwealth, 13 Va. App. 622, 629, 414 S.E.2d 421, 425 (1992) (en banc) (Code § 19.2-239 limits circuit courts' jurisdiction to the trial of all presentments, indictments and informations for offenses committed within their respective circuits).  It follows that, as held in Brown, 215 Va. at 147, 207 S.E.2d at 836, Code § 53.1-205 establishes the locus or venue of proceedings, the jurisdiction "to hear and determine the cause" being granted by Code §§ 17.1-513 and 19.2-239.[4]

_____

[4] Because Penn limited his claim of error to the issue of jurisdiction, the question of whether venue was proper was waived and will not be addressed in this opinion.  See Brown, 215 Va. at 147, 207 S.E.2d at 837.

In this case, the Circuit Court of the City of Martinsville had original and exclusive jurisdiction to try Penn pursuant to Code §§ 17.1-513 and 19.2-239.  Penn was tried in that court, the site of the charged offense as well as the location in which he was detained.  In sum, Penn's claim that the court lacked jurisdiction to try the matter is without merit, and we affirm his conviction.

Affirmed.