State of Nebraska, appellee, v. Lloyd W. Kilmer,
appellant.

231 N. W. 2d 708

Filed July 31, 1975. No. 39966.

Edward F. Fogarty and Einar Viren, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

William B. Craig, for amicus curiae.

Heard before White, C. J., Spencer, Boslaugh, Mc-Cown, Newton, Clinton, and Brodkey, JJ.

Boslaugh, J.

The defendant is the county clerk of Douglas County, Nebraska. He was charged with malfeasance as the result of letters mailed by him to county employees concerning a union election held on July 3, 1974. The election was held to determine whether certain county employees desired to be represented by the American Federation of State, County, and Municipal employees, AFL-CIO, for collective bargaining purposes.

The complaint alleged the defendant had ordered certain literature reproduced, which was intended for the private use of the defendant and not for any governmental use by the county, and had directed that requisitions and claims for the expense thereof be prepared, audited, and approved by employees of his office for presentation to the county board. The complaint did not allege the claims had been presented to the

county board or approved by the board and paid by the county.

The complaint further alleged the defendant had used 1,500 envelopes, obtained from the county purchasing department, to mail the literature to county employees.

The defendant pleaded nolo contendere and was fined $50. On appeal he contends the statute under which he was prosecuted was unconstitutional as applied to the facts in the case and that the complaint failed to state a crime.

Section 28-724, R. S. Supp., 1974, provides in part: "Any clerk * * * who shall be guilty of any palpable omission of duty or who shall willfully or corruptly be guilty of malfeasance or partiality in the discharge of his official duties, shall be fined in a sum not exceeding two hundred dollars, * * *."

Malfeasance by a public officer was a crime at common law. 67 C. J. S., Officers, § 133, p. 430; 63 Am. Jur. 2d, Public Officers and Employees, § 346, p. 837. It consisted of the doing of an act which was wholly wrongful and unlawful. See Minkler v. State ex rel. Smithers, 14 Neb. 181, 15 N. W. 330.

The complaint in this case charged, in substance, that the defendant had ordered literature, which was intended for his private use, to be reproduced at the expense of the county and had then mailed the literature to county employees in envelopes supplied by the county.

Much of the argument was devoted to the proposition that the defendant as county clerk had a right to campaign against union representation of county employees. The plea of nolo contendere foreclosed this argument because it admitted the allegation that the literature was intended for the private use of the defendant rather than official use in his capacity as county clerk. A plea of nolo contendere admits the matters alleged in the information and has the same effect as a plea of guilty so far as issues of fact are concerned. State ex rel. Nebras-

ka State Bar Assn. v. Stanosheck, 167 Neb. 192, 92 N. W. 2d 194.

The defendant's contention that the statute was unconstitutionally vague, if applied to the facts in this case, seems to overlook the allegation that the literature was "reproduced on his instruction for his own private use and not for any governmental use." We find no merit in the defendant's contention that the statute was unconstitutional if applied to these facts.

The complaint was not sufficient to allege that the literature was reproduced at county expense. There was no allegation that any county funds had been expended. The acts which were alleged were merely preliminary in nature and had no legal effect unless and until a claim was actually presented to the county board.

The allegations concerning the use of 1,500 county envelopes to mail the literature did state an offense. The plea of nolo contendere eliminated any claim that the defendant was acting in his official capacity or that the use was justified or privileged.

The judgment of the District Court is affirmed.

AFFIRMED.