# Robert Anthony Moreno

## v.

# Alton Baskerville, Warden, et al.

Record No. 940133

January 13, 1995

Present: All the Justices

*Christopher J. Collins* for appellant.
*Robert Q. Harris, Assistant Attorney General (James S. Gilmore, III, Attorney General*, on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

In this habeas corpus appeal, we consider whether a Virginia circuit court had jurisdiction to try an accused for the crime of drug distribution committed in another state.

Appellant Robert Anthony Moreno was convicted in the court below in December 1992 of conspiracy to distribute more than five pounds of marijuana, Code § 18.2-256, and two counts of distribution of the same quantity of the drug, Code § 18.2-248.1(a)(3). He was sentenced to imprisonment for 15 years, with 13 suspended, for the conspiracy conviction and to imprisonment for 15 years, with 10 suspended, plus a $2,500.00 fine, for each of the distribution convictions. There was no appeal from the March 1993 judgment of conviction.

In June 1993, Moreno filed the present petition for a writ of habeas corpus naming the Warden of the Deep Meadow Correctional Center as a respondent. Alleging he was being unlawfully detained under the drug distribution convictions, Moreno asserted that the court below lacked jurisdiction because the evidence established that the two crimes occurred, not in Virginia, but in Arizona. Moreno does not contest the conspiracy conviction. *See Zuniga v. Commonwealth,* 7 Va. App. 523, 375 S.E.2d 381 (1988). Following a hearing at which the Attorney General appeared on behalf of the Warden, the habeas court denied and dismissed Moreno's petition. He appeals.

The facts are not in dispute. At the criminal trial, the evidence was presented in summary fashion by agreement. Moreno declined to plead to the charges, so he was tried on pleas of not guilty. Code § 19.2-259.

The charges involved the transfer of ten-pound bundles of marijuana from Arizona to Virginia for sale. Joseph Rosenbaum and Paul Serwitz were arrested in Henrico County with marijuana in their possession. They obtained the drug in bulk shipments, repackaged it for sale in small quantities, and sold it in Henrico County. Rosenbaum and Serwitz identified their supplier as one

Frederick Moore of Tucson, Arizona. Moore, in turn, identified his source as Moreno, also of Tucson. Moreno's supplier was his uncle.

Moreno, following arrest in California, stated to the police that he had arranged for deliveries in Tucson to Moore and that he received $500.00 when Moore received payment for the drugs, which Moreno knew would be sent to Virginia. The marijuana was sent in monthly shipments of ten pounds each from December 1991 to August 1992. There was no evidence that Moreno was ever present in Virginia.

Urging an affirmance, the Attorney General argues on appeal that "although Moreno remained outside the boundaries of the Commonwealth, there is no doubt that he initiated the chain of distribution of marijuana to Virginia, knowing that the drugs were intended for ultimate distribution in Virginia, intending that the drugs be distributed in Virginia, and receiving his proceeds from Virginia after the successful distribution of marijuana in Virginia." The Attorney General contends, "At a minimum, Moreno was an accessory before the fact in the distribution that occurred in Henrico County." The Attorney General says that the evidence showed "a Henrico County distribution by Rosenbaum and Serwitz, and Moreno had provided encouragement, incitement and aid in committing the crime by reason of the repeated deliveries of marijuana on credit."

Finally, the Attorney General contends "Moreno's argument that the facts showed his conduct occurred only in Arizona and not Virginia challenges only the sufficiency of the evidence to prove the charge." Elaborating, the Attorney General says, "If Moreno had any question about the degree of his conduct in the distribution chain and whether his conduct would support his conviction in Virginia for distributing drugs, he had the opportunity to raise the issue at trial and on appeal," and he is precluded from raising such issue on habeas corpus. We do not agree with the Attorney General's contentions.

■ Virginia circuit courts have jurisdiction for the trial of indictments "for offenses committed within their respective circuits." Code § 19.2-239. "Every crime to be punished in Virginia must be committed in Virginia." *Farewell* v. *Commonwealth*, 167 Va. 475, 479, 189 S.E. 321, 323 (1937).

■ The several crimes of distribution of drugs by Moreno to Moore were discrete offenses, completed in Arizona. In Virginia,

"distribute," as proscribed in Code §§ 18.2-248 and -248.1, means "to deliver other than by administering or dispensing a controlled substance." Code § 54.1-3401. "Deliver" means "the actual, constructive, or attempted transfer" of any controlled substance, "whether or not there exists an agency relationship," from one person to another. *Id.*; *Wood v. Commonwealth*, 214 Va. 97, 99, 197 S.E.2d 200, 202, *appeal dismissed*, 414 U.S. 1035 (1973). Ultimate receipt of payment for the distribution is not an element of the offense. The law of Arizona is to the same effect. *See* Ariz. Rev. Stat. Ann. § 13-3405(A)(4) (1993 Cum. Supp.).

The Attorney General's reliance upon *Travelers Health Association v. Commonwealth*, 188 Va. 877, 51 S.E.2d 263 (1949), *aff'd*, 339 U.S. 643 (1950), is misplaced. There, the principal question was whether the Commonwealth had jurisdiction to regulate a Nebraska insurer's sale of securities through the mails that was supplemented by other activities within Virginia. This Court noted the general rule dealing with extraterritorial jurisdiction of a crime where an accused sets in motion a force that operates in another state, such as, for example, the case of a shot being fired at a person across a state line. The rule, the Court said, is that actual physical presence in a state is not necessary to make an individual amenable to its criminal laws if the crime is the "immediate result" of the accused's act; under such circumstances, the accused may be tried in the state's courts even though actually absent at the time the act was committed. *Id.* at 891, 51 S.E.2d at 268. *See Gregory v. Commonwealth*, 5 Va. App. 89, 360 S.E.2d 858 (1987), *aff'd*, 237 Va. 354, 377 S.E.2d 405, *cert. denied*, 493 U.S. 845 (1989).

■ However, the sale of the drugs in Henrico County by Rosenbaum and Serwitz was not the "immediate result" of the distribution of the drugs in Arizona by Moreno to Moore. The act of distribution by Moore to Rosenbaum and Serwitz intervened. The situation here is entirely unlike a case in which a shot fired across a state line "immediately" results in harm, thus enabling the forum state to exercise extraterritorial jurisdiction over the assailant.

The same reasoning applies to answer the Attorney General's accessory-before-the-fact argument. Moreno was an accessory in Arizona, not in Virginia.

Moreover, the crime of distribution of drugs is not a continuing offense in the sense that crimes like larceny are continuing

offenses; thus Code § 19.2-245 (specifying venue of continuing offenses committed wholly or in part without and made punishable within the Commonwealth), relied on by the Attorney General, is inapposite. See *Howell* v. *Commonwealth*, 187 Va. 34, 46 S.E.2d 37 (1948), for a discussion of the history of the statute.

■ In conclusion, the Attorney General's effort to present the issue in this case as one of sufficiency of the evidence must fail; the question is solely one of jurisdiction, properly raised on habeas corpus. *Cassidy* v. *Peyton*, 210 Va. 80, 168 S.E.2d 125 (1969); *Peyton* v. *French*, 207 Va. 73, 147 S.E.2d 739 (1966).

Thus, we hold that the trial court erred in denying Moreno's petition for a writ of habeas corpus and conclude that he is being illegally detained under the two convictions for distribution of marijuana. Accordingly, the judgment of the trial court will be reversed, the foregoing convictions will be set aside, and the indictments for those offenses will be dismissed.

*Reversed and dismissed.*