Tuesday          6th

January, 2004.


Ronnie L. Jones, s/k/a
Ronnie Lee Jones,                                            Appellant,

  against            Record No. 0606-02-2
                        Circuit Court No. CR99-687

Commonwealth of Virginia,                               Appellee.


Upon Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner, Frank,
Humphreys, Clements, Felton and Kelsey


For reasons stated in writing and filed with the record, the Court is of opinion that there is

no error in the judgment appealed from.  Accordingly, the opinion previously rendered by a

panel of this Court on May 6, 2003 is withdrawn, the mandate entered on that date is vacated and

the judgment of the trial court is affirmed.

It is ordered that the trial court allow Steven D. Benjamin, Esquire, court-appointed

counsel for the appellant, a total fee of $600 for services rendered the appellant on this appeal, in

addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid said court-appointed

counsel to represent him in this proceeding, as well as the $400 previously awarded to Paul C.

Bland, Esquire, counsel's costs and necessary direct out-of-pocket expenses, and the fees and

costs to be assessed by the clerk of this Court and the clerk of the trial court.

This order shall be certified to the trial court.

Costs due the Commonwealth by
  appellant in Court of Appeals of Virginia:

      Attorneys' fees  $1,000.00   plus costs and expenses

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner, Frank,
              Humphreys, Clements, Felton and Kelsey
Argued at Richmond, Virginia


RONNIE L. JONES, S/K/A
 RONNIE LEE JONES
                                                                OPINION BY
v.        Record No. 0606-02-2                        JUDGE ROSEMARIE ANNUNZIATA
                                                             JANUARY 6, 2004
COMMONWEALTH OF VIRGINIA


UPON REHEARING EN BANC

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

Steven D. Benjamin (Betty Layne DesPortes; Benjamin &
DesPortes, P.C., on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


        Ronnie Lee Jones was indicted for the distribution of cocaine in violation of Code

§ 18.2-248 and, upon his plea of "no contest," was convicted and sentenced to twenty years

incarceration, seventeen years suspended.  On appeal, he contended the circuit court did not have

jurisdiction to decide his case.  On May 6, 2003, a divided panel of this Court reversed Jones's

conviction, holding that the evidence was insufficient to establish the court's jurisdiction.  Jones v.

Commonwealth, No. 0606-02-2 (Va. Ct. App. May 6, 2003).  On June 10, 2003, we granted the

Commonwealth's petition for rehearing en banc, stayed the mandate of the panel decision, and

reinstated the appeal.  Upon rehearing en banc, we affirm the conviction.

I.  Background

Jones was indicted for distributing cocaine on December 9, 1998 and arraigned on the charge on September 18, 2001.  The indictment to which Jones pled and upon which he was arraigned by the clerk in open court states the following:

> City of Petersburg, Commonwealth of Virginia, to-wit; in the Circuit Court of said City, the Grand Jurors of the Commonwealth of Virginia, in and for the body of the City of Petersburg, and now attending the said court, upon their oaths, present that Ronnie L. Jones on or about the 9th day of December, in the year Nineteen Hundred and 98, in the said city, and within the jurisdiction of the said court, did distribute cocaine, a schedule I or II controlled substance, against the dignity of the Commonwealth of Virginia. Code Section 18.2-248.

Following Jones's plea of "no contest" to the indictment, the Commonwealth's attorney presented the testimony of police officer Raymond Ramos.  His testimony established that, on the day of the offense, he was employed as a City of Petersburg police officer.  Ramos testified that Petersburg law enforcement agents and an undercover officer arranged, via a confidential informant, for the purchase of $200 worth of crack cocaine from Jones.  Jones agreed to meet the informant at "2178 County Drive, trailer number N43."  When Jones arrived at the trailer, he met the informant and sold him cocaine in the presence of the undercover officer.  The Commonwealth introduced a certificate of analysis which indicated the officer received one gram of cocaine.

Jones argues that the circuit court did not have subject matter jurisdiction because the evidence does not establish that the illegal transaction occurred in Virginia.  In support of his contention, Jones asserts that his *nolo contendere* plea cannot establish subject matter jurisdiction because: 1) subject matter jurisdiction cannot be conferred upon the court by consent or agreement, and 2) a *nolo contendere* plea does not admit as true any fact other than those related to the elements of the offense.  Although we acknowledge that the parties before a court

cannot establish subject matter jurisdiction by consent or agreement, we hold that a *nolo contendere* plea can admit the facts necessary to establish jurisdiction.

## II.  Analysis

To establish the court's subject matter jurisdiction, evidence supporting the conclusion "'must affirmatively appear on the face of the record, that is, the record must show affirmatively that the case is one of a class of which the court rendering the judgment was given cognizance.'" Owusu v. Commonwealth, 11 Va. App. 671, 673, 401 S.E.2d 431, 432 (1991) (quoting Shelton v. Sydnor, 126 Va. 625, 630, 102 S.E. 83, 85 (1920)).  "'Every crime to be punished in Virginia must be committed in Virginia.'"  Moreno v. Baskerville, 249 Va. 16, 18, 452 S.E.2d 653, 655 (1995) (quoting Farewell v. Commonwealth, 167 Va. 475, 479, 189 S.E. 321, 323 (1937)). Because a court's power to act presupposes subject matter jurisdiction, the absence of subject matter jurisdiction "may be raised at any time, in any manner, before any court, or by the court itself."  Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 893 (1947).[1]

In the case before the Court, the police officer's testimony proved that Jones sold cocaine to an informant, but it failed to reveal whether that act occurred in Virginia.[2]  The

---

[1] The Commonwealth contends the issue on appeal is procedurally barred pursuant to Rule 5A:18, because venue and not subject matter jurisdiction is implicated.  We disagree. Subject matter jurisdiction gives a court the power to hear and adjudicate a case.  Brown v. Commonwealth, 215 Va. 143, 145, 207 S.E.2d 833, 835 (1974).  Venue, on the other hand, determines only the place where the trial will be held.  Id. at 145, 207 S.E.2d at 836.  Here, Jones argues that the evidence does not establish he committed a crime within the Commonwealth of Virginia.  If true, no court in Virginia would have the power to try Jones.  Moreno, 249 Va. at 18, 452 S.E.2d at 655.  Therefore, subject matter jurisdiction is the relevant issue.

[2] The officer's testimony that the offense occurred outside a trailer at "2178 County Drive" does not, without other evidence in the record, prove Jones committed the offense within the jurisdiction of the circuit court.  See Thomas v. Commonwealth, 36 Va. App. 326, 333, 549 S.E.2d 648, 651 (2001) (noting that although the evidence "mentions a street address and 'Bragg Hill' . . . , nothing in the record" provided a basis upon which the trial court could take judicial notice of the location of the crime).

Commonwealth argues, however, that Jones's *nolo contendere* plea to the indictment suffices to establish the required jurisdictional facts. We agree with the Commonwealth.

It is well settled that subject matter jurisdiction cannot be conferred by agreement or consent. Id.; Brown v. Commonwealth, 215 Va. 143, 145, 207 S.E.2d 833, 836 (1974). This principle is founded on another settled principle which holds that issues of law are the province of the courts, and the courts are therefore not bound to accept as controlling stipulations regarding questions of law. Swift & Co. v. Hocking Valley Ry. Co., 243 U.S. 281, 289 (1917) (noting that a stipulation "concerning the *legal effect* of admitted facts" is "obviously inoperative" (emphasis added)). The principle that precludes a conclusion of law by agreement of the parties does not, however, preclude a party from establishing by admission or agreement certain facts *underlying* a question of law. See Honaker v. Howe, 60 Va. (19 Gratt.) 50, 53 (1869).

Although Jones's *nolo contendere* plea does not waive his right to object to the absence of subject matter jurisdiction, Clauson v. Commonwealth, 29 Va. App. 282, 290, 511 S.E.2d 449, 453 (1999), it nonetheless "'implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty' for the purpose of imposing judgment and sentence." Commonwealth v. Jackson, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998) (alteration in original) (quoting Honaker, 60 Va. (19 Gratt.) at 53). A "plea of nolo contendere, like a demurrer, admits, for the purposes of the case, all the facts which are well stated." Honaker, 60 Va.(19 Gratt.) at 53-54; see also Scott v. State, 928 P.2d 1234, 1237 (Alaska Ct. App. 1996) (noting that after a plea of *nolo contendere*, "'the court may proceed to accept the allegations in the indictment as true'" (quoting C.T. Drechsler, Annotation, Plea of Nolo Contendere or Non Vult Contendere, 89 A.L.R.2d 540, § 2 (1963))); State v. Kilmer, 231 N.W.2d 708, 710 (Neb. 1975) (holding that a

"plea of nolo contendere admits the matters alleged in the information and has the same effect as a plea of guilty so far as issues of fact are concerned").

Upon review of the indictment in light of the principle that a *nolo contendere* plea implies an admission by the defendant that the charge and the facts underlying it as stated in the indictment are true, we find that the required jurisdictional facts were proved. The indictment read to Jones at his arraignment, and to which he pled, states the location specifically as "City of Petersburg, Commonwealth of Virginia," and relates that Jones distributed cocaine on or about the 9th day of December, 1998 in the "said city." The antecedent of the reference to "said city" can only logically and grammatically be the "City of Petersburg, Commonwealth of Virginia." By pleading *nolo contendere*, Jones, in essence, admitted as true each factual allegation set forth in the indictment, including the fact that the offense occurred in the Commonwealth. The court's jurisdiction, thus, "affirmatively appear[s] on the face of the record." <u>Shelton</u>, 126 Va. at 630, 102 S.E. at 85; <u>cf.</u> <u>Owusu</u>, 11 Va. App. at 673, 401 S.E.2d at 432 (holding that where "[n]o street address, town, or locality was mentioned with respect to the location of the offenses" and where the circumstantial evidence was insufficient, subject matter jurisdiction was not proved).

We accordingly hold that Jones, in pleading no contest to the charge as set forth in the indictment, agreed or admitted that the facts set forth in the indictment were true, including the fact that the offense charged occurred in Virginia.

We affirm Jones's conviction.

<u>Affirmed.</u>

Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Richmond, Virginia


RONNIE L. JONES, S/K/A
 RONNIE LEE JONES
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0606-02-2          JUDGE JAMES W. BENTON, JR.
                                           MAY 6, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    Pamela S. Baskervill, Judge

          Steven D. Benjamin (Betty Layne DesPortes;
          Benjamin & DesPortes, P.C., on briefs), for
          appellant.

          Robert H. Anderson, III, Senior Assistant
          Attorney General (Jerry W. Kilgore, Attorney
          General, on brief), for appellee.


     Upon Ronnie Lee Jones's plea of "no contest," the trial judge

convicted him of distribution of cocaine.  Jones contends the

record fails to establish the circuit court had jurisdiction.  For

the reasons that follow, we reverse the conviction and remand to

the circuit court.

                                I.

     Following Jones's plea of "no contest" to the indictment, the

Commonwealth's attorney presented the testimony of police officer

Raymond Ramos, who said that on the day of the charged event he

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

was employed as a City of Petersburg police officer.  Ramos testified that Petersburg law enforcement agents and an undercover officer arranged, via a confidential informant, for the purchase of $200 worth of crack cocaine from Jones.  Jones agreed to meet the informant at "2178 County Drive, trailer number N43."  When Jones arrived at the trailer, he met the informant and sold him cocaine in the presence of the undercover officer.  The Commonwealth introduced a certificate of analysis, which indicated the officer received one gram of cocaine.

The trial judge accepted Jones's "no contest" plea and convicted him.  This appeal followed the conviction.

II.

Jones contends no evidence established the transaction occurred within Virginia.  The Commonwealth asserts that Jones raised no jurisdictional claim in the circuit court and, furthermore, that the record is adequate to establish the offense occurred in the circuit court's jurisdiction.

Code § 19.2-254 provides that "[a]n accused may plead . . . nolo contendere" and that "the court shall not refuse to accept a plea of nolo contendre."

> We recognize that a plea of nolo contendere is not a confession of guilt and has no effect beyond permitting the court to impose sentence in a particular case. Nonetheless, by entering a plea of nolo contendere, the defendant "implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty" for the purpose of

-9-

> imposing judgment and sentence. Thus, while not an admission of guilt, neither is a plea of nolo contendere a declaration of innocence equivalent to a plea of not guilty.

Commonwealth v. Jackson, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998). By entering a plea of nolo contendre, the accused "'means literally "I do not contest it,"'" Clauson v. Commonwealth, 29 Va. App. 282, 289, 511 S.E.2d 449, 452-53 (1999) (citation omitted), and waives all defenses except the lack of jurisdiction. Id. at 294, 511 S.E.2d at 455.

The rule is well settled that subject matter jurisdiction cannot be conferred upon the court by consent, waiver, or acquiescence of the parties. Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 894 (1947). Furthermore, "subject matter jurisdiction 'must affirmatively appear on the face of the record, that is, the record must show affirmatively that the case is one of a class of which the court rendering the judgment was given cognizance.'" Owusu v. Commonwealth, 11 Va. 671, 673, 401 S.E.2d 431, 432 (1991) (citation omitted). Because a court's power to act presupposes subject matter jurisdiction, the lack of subject matter jurisdiction "may be raised at any time, in any manner, before any court, or by the court itself." Humphreys, 186 Va. at 772, 43 S.E.2d at 893.

"'Every crime to be punished in Virginia must be committed in Virginia.'" Moreno v. Baskerville, 249 Va. 16, 18, 452 S.E.2d 653, 655 (1995) (quoting Farewell v. Commonwealth, 167

Va. 475, 479, 189 S.E. 321, 323 (1937)).  This principle implicates the subject matter jurisdiction of the circuit court. Moreno, 249 Va. at 20, 452 S.E.2d at 655; Owusu, 11 Va. App. at 672-73, 401 S.E.2d at 431.

In many respects, the deficiency in this record parallels the deficiency that we observed in Owusu.  There we noted the following:

> After a careful review of the record, we find no direct or circumstantial evidence tending to prove that the offenses occurred within the Commonwealth of Virginia.  No street address, town, or locality was mentioned with respect to the location of the offenses.
>
> In addition, we find the circumstantial evidence of subject matter jurisdiction was insufficient.  The Commonwealth presented evidence that [an officer] of the Prince William County, Virginia Police Department had been assigned to investigate the robbery.  However, the mere fact that a Prince William County officer investigated the robbery cannot support an inference that the crime occurred within his jurisdiction.

Owusu, 11 Va. App. at 673, 401 S.E.2d at 432.

The evidence in this case proved that Jones sold cocaine to an informant, but it failed to reveal whether that act occurred in Virginia.  The officer's testimony that the offense occurred outside a trailer at "2178 County Drive" does not prove Jones committed the offense within the jurisdiction of the circuit court.  See Thomas v. Commonwealth, 36 Va. App. 326, 333, 549 S.E.2d 648, 651 (2001) (noting that although the evidence

- 11 -

"mentions a street address and 'Bragg Hill' . . . , nothing
. . . ties either location to a locality within the
Commonwealth").  The record discloses neither that the trial
judge took judicial notice of the location nor that the "address
is, as a matter of common knowledge," located within the City of
Petersburg, Virginia.  Id. at 332, 549 S.E.2d at 651.

As in Owusu, we do not dismiss the indictment because
"subject matter jurisdiction is not part of the crime, and
therefore, does not go to the merits of the case."  11 Va. App.
at 674, 401 S.E.2d at 432.  We, therefore, reverse the
conviction and remand for further proceedings, if the
Commonwealth be so advised.

Reversed and remanded.

Coleman, J., dissenting.

The majority holds that because the Commonwealth failed, at the time the trial court accepted appellant's nolo contendre plea, to provide testimonial evidence that he distributed cocaine within the Commonwealth, the record fails to establish the court possessed subject matter jurisdiction to hear the matter.  I disagree.  In my opinion, appellant's plea of nolo contendre "implie[d] a confession . . . of the truth of the charge" that the crime was committed "within the jurisdiction of the court," as alleged in the indictment, which, of course, was Petersburg, Virginia.  Thus, the plea of nolo contendre was a concession that the crime was committed in the Commonwealth, which enabled the court to exercise its jurisdiction.  Therefore, I dissent.

As the majority notes, "by entering a plea of nolo contendre, the defendant 'implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty for the purpose of imposing judgment and sentence.'"  Commonwealth v. Jackson, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998) (citation omitted) (emphasis added).  A no contest plea "'ha[s] the same preclusive effect as a guilty plea'" for purposes of appeal.  Perry v. Commonwealth, 33 Va. App. 410, 412, 533 S.E.2d 651, 652-53 (2000) (citation omitted).  "In accepting a plea of guilty, any Virginia trial judge is, of course, free to hear the evidence he deems

- 13 -

necessary to an understanding of the case and to the fixing of an appropriate sentence. This does not mean, however, that evidence must be heard upon a plea of guilty." Kibert v. Commonwealth, 216 Va. 660, 664, 222 S.E.2d 790, 793 (1976). Because the plea of nolo contendre "implies a confession . . . of the truth of the charge," the trial court may not be required to hear evidence when accepting appellant's plea of nolo contendre. In any event, the indictment charged that appellant distributed cocaine within the City of Petersburg and "within the jurisdiction," which was Petersburg, Virginia. Furthermore, the court found appellant entered his plea "with the understanding . . . that the evidence by the Commonwealth would be sufficient for a finding of guilt." The court also accepted the plea, "find[ing] [appellant] guilty as charged in the indictment." (Emphasis added). The indictment charged appellant with violating Code § 18.2-248 "against the peace and dignity of the Commonwealth of Virginia," and appellant's plea conceded that fact. In summary, the indictment charged that the offense occurred in Petersburg "and within the jurisdiction of the court," which was the Circuit Court for the City of Petersburg, Virginia, and appellant, by admitting the "truth of the charge," admitted the fact that the crime occurred within the Commonwealth.

The case is distinguishable from and not controlled by the holding in Moreno v. Baskerville, 249 Va. 16, 452 S.E.2d 653

- 14 -

(1995).  In Moreno, the record clearly showed that the crime had occurred in Arizona, not in Virginia.  Thus, the record in Moreno affirmatively showed that subject matter jurisdiction was not in Virginia.  In contrast, nothing in this record indicates the offense occurred outside the state.  If in fact the crime occurred beyond the jurisdiction of the court, that jurisdictional requisite is also subject to direct or collateral attack.  See id. at 20, 452 S.E.2d at 655.  Nothing in the record suggests that the crime occurred outside Virginia.

The indictment charges the distribution occurred in Petersburg "within the jurisdiction of the court," and "against the peace and dignity of the Commonwealth."  The Petersburg police arranged the controlled buy at a stated address, and the defendant did not contest the allegations in the indictment.  "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).  Although the officer did not specifically testify he observed appellant distribute cocaine in the Commonwealth, based upon the uncontested allegations in the indictment, the reasonable inference to be drawn from the facts presented in the record is that the offense occurred in Petersburg in the Commonwealth of Virginia.  I would find that subject matter jurisdiction

"affirmatively appear[s] on the face of the record."  Shelton v. Sydnor, 126 Va. 625, 630, 102 S.E. 83, 85 (1920).

Therefore, I dissent.