ANNUNZIATA, J.,
dissenting.
I respectfully dissent because I would find that the Commonwealth failed to establish that Charles Custalow (Charles) was expelled from the reservation by those “lawfully in charge” as required by the criminal trespass statute, Code § 18.2-119.
It is well established that the Due Process Clause of the United States Constitution “protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is *80 charged.” In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).
Here, the Commonwealth failed to prove beyond a reasonable doubt all the elements of the criminal trespass statute. Specifically, the Commonwealth failed to prove that those “lawfully in charge” of the reservation forbade Charles from “going upon” their land because it presented no evidence that a majority of the tribal members over twenty-one years of age voted to expel him as required by 1896 Va. Acts ch. 843 (the Act). The Act states that the trustees of the tribe:
shall have the right upon the vote of the majority of the trustees, and also a majority of the members of the tribe above twenty-one years of age, to expel from their reservation, any person who has no right upon said reservation, or any member of the tribe who shall be guilty of any lawful offense[.]
1896 Va. Acts ch. 843. Contrary to the Commonwealth’s contention, the Act does not establish “two ways to bar an individual from the reservation.”[7] A plain reading reveals that the terms, “majority of the trustees” and “majority of the members of the tribe over twenty-one years of age,” are stated in the conjunctive; in other words, both conditions must be satisfied for a proper expulsion. A “plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction.” Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).
Here, the Commonwealth failed to establish that a majority of the tribal members over twenty-one years of age voted to expel Charles. Mark Custalow (Mark), the Commonwealth’s main witness, testified that Charles was expelled by vote of *81 the “tribal council.”[8] He further testified that the tribal council voted at a tribal meeting and that “somewhere in the neighborhood of less than one-half of the tribal members show up at the regular meetings.” The meeting which resulted in Charles’s expulsion was described as a “regular meeting.” In order to find compliance with the Act, the trial court would have had to infer that, although fewer than a majority of the members were present, a majority of those over twenty-one years of age, in fact, were present and voted to expel Charles. Although we grant all reasonable inferences to the Commonwealth, the inference must be a “logical deduction or conclusion from established fact.” United States v. Grow, 394 F.2d 182, 199 (4th Cir.1968). Neither Mark’s testimony establishing that the “tribal council” voted to expel Charles or his testimony that “somewhere in the neighborhood of less than one-half of the tribal members” were present at the meeting permit the reasonable inference that a majority of tribal members over the age of twenty-one voted to expel Charles.
The only evidence that persons “lawfully in charge” of the reservation expelled Charles is Mark’s testimony that the “tribal council,” the entity which voted to expel Charles, “determines ... who can be barred from the reservation.” His statement is patently inconsistent with the voting requirements set forth by the Act and Ms testimony regarding a matter of law is not binding on this Court. See Jones v. Commonwealth, 42 Va.App. 142, 147, 590 S.E.2d 572, 574-75 (2004) (en banc).
The majority affirms Charles’s conviction for trespassing, not on the ground that the Commonwealth’s proof established he was expelled from the reservation by the vote mandated by the Act, but rather on the ground that Charles failed to prove that the Act prescribes the exclusive means of expulsion from the Mattapom Indian Tribe’s reservation. Neither the Com *82 monwealth nor the majority points to any authority in support of the proposition that the Act does not establish the only valid procedure for expelling a member from the reservation. Indeed, the Commonwealth did not raise such an argument at trial or on appeal. Rather, its arguments were, and continue to be, confined to whether its proof of the authority to expel met the requirements of the Act, i.e. that the tribal council, acting alone, had the authority to expel and that, in the alternative, the evidence established that a majority of tribal members over the age of twenty-one voted to expel Charles from the reservation.
In summary, I would find that the Commonwealth failed to prove all elements of the crime of trespass, as defined by Code § 18.2-119, because it presented no evidence that those “lawfully in charge” of the reservation, as defined by the Act, voted to expel Charles. Accordingly, I would reverse the decision of the trial court.

. In its brief, the Commonwealth argued that "the plain reading of [1896 Va. Acts ch. 843] demonstrates that there are two ways to bar an individual from the reservation: (1) the vote of the majority of the trustees 'and also' (2) a majority of the members of the tribe who are above the age of 21.” It concluded that, because the record established that "a majority of the trustees voted to bar the defendant," the Commonwealth did not have to prove that a majority of tribal members over the age of twenty-one voted to expel Charles.

. Both parties treat the terms, "tribal council” and "tribal trustees," synonymously. There is no contention that the Commonwealth failed to prove that the trustees acted properly; the issue on appeal is whether it proved that a majority of the tribal members over the age of twenty-one voted to expel as required by the Act.