COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Humphreys and Kelsey
Argued at Alexandria, Virginia


STANLEY WESLEY BRYANT

MEMORANDUM OPINION[*] BY
v.     Record No. 1462-12-4     JUDGE ROBERT J. HUMPHREYS
JULY 23, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Thomas K. Plofchan, Jr. (Jason R. Collins; Jennifer M. Guida;
Lavanya K. Carrithers; Westlake Legal Group, on briefs), for
appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Stanley Wesley Bryant ("Bryant") appeals his conviction for aggravated sexual battery in

violation of Code § 18.2-67.3 by way of a guilty plea in the Circuit Court of Loudoun County

("trial court"). On appeal, he contends that the trial court erred (1) in failing to account for

Bryant's mental condition and finding him competent to stand trial,[1] (2) in determining that

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On brief, Bryant sets forth four assignments of error related to the trial court's finding
of competency. These assignments of error are as follows:

1. The trial court denied Bryant due process of law when it failed
to review Bryant's psychological report prior to his plea hearing.

2. The trial court denied Bryant due process of law when it failed
to implement the recommendations contained in the mental health
evaluation.

3. The trial court denied Bryant due process of law when it failed
to make a determination of Bryant's competency to stand trial or

Bryant's plea was made voluntarily, knowingly, and intelligently, (3) when it found Bryant guilty based on a proffer of facts that does not assert facts supporting all the elements of the alleged crime, (4) by failing to grant his motion to dismiss for want of jurisdiction or in the alternative to withdraw his plea, and (5) in imposing an improper condition of probation and suspended sentence that forbids Bryant from entering the "neighborhood" of the victim by crossing certain streets and by forbidding his residing at his parents' home.

## I. Analysis

### A. Rule 5A:18

Prior to addressing the merits of any of Bryant's claims, we must address the Commonwealth's contention that Rule 5A:18 precludes a majority of the claims from appellate review. We find that Bryant's failure to object to the trial court's finding of competency and ultimate acceptance of Bryant's guilty plea prior to sentencing waives any objection he may have to those two aspects of the proceedings below.

Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty *at the time of the ruling*, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." (Emphasis added). "This Court has said 'the primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992) (quoting Martin v.

ability to assist in his defense after ordering the mental health evaluation.

4. Based on the facts of this case, the trial court denied Bryant due process of law when it failed to re-conduct the colloquy upon learning of Bryant's mental limitations.

- 2 -

Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992)).  Thus, "[n]ot just any objection will do.  It must be both specific and timely-so that the trial judge would know the particular point being made in time to do something about it."  Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).  To the extent Bryant raises constitutional issues, we note that "Rule 5A:18 applies to bar even constitutional claims."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

The record before us reveals that Bryant never raised any issue in the trial court related to his competency to stand trial, whether his plea was made knowingly, voluntarily, and intelligently, nor to the sufficiency of the Commonwealth's proffer of facts supporting the guilty plea at the time of the trial.  It was not until after the trial court completed sentencing that Bryant attempted to raise these issues in his post-sentencing motion to dismiss for want of jurisdiction or in the alternative to withdraw his plea.[2]  Therefore, we find that Bryant did not properly preserve these assignments of error and that they are precluded from appellate review under Rule 5A:18.  We now turn to the remaining assignments of error.

### B.  Motion to Dismiss for Want of Jurisdiction

Bryant alleges that the trial court erred in denying his motion to dismiss for want of jurisdiction because the proffer of facts failed to establish that jurisdiction was proper due to the absence in the Commonwealth's proffer of evidence of where the incidents took place and the ages of the victim and defendant at the time of the alleged crimes.  This argument is without merit.

Bryant's first argument is that "[i]n order to establish jurisdiction in the circuit court of Loudoun County, the Commonwealth had to prove that the alleged acts took place within

---

[2] We note that after sentencing, Bryant changed counsel.  Bryant's new counsel clearly had a different strategy and theory of the case than Bryant's original counsel.

Loudoun County." Bryant cites to Keesee v. Commonwealth, 216 Va. 174, 217 S.E.2d 808 (1975), and Harding v. Commonwealth, 132 Va. 543, 110 S.E. 378 (1922), in support of his argument. However, Bryant's argument confuses venue with jurisdiction. As the Supreme Court explained:

> Venue and jurisdiction, though sometimes confounded, are, accurately speaking, separate and distinct matters. Jurisdiction is authority to hear and determine a cause, or "it may be defined to be the right to adjudicate concerning the subject matter in the given case." It is, like venue, regulated by statute or organic law. Venue is merely the place of trial, and the purpose of statutes prescribing venue is to give defendants the privilege of being sued only in the place or places prescribed by the statutes. "But it is a privilege which may be waived . . . ."

Texaco, Inc. v. Runyon, 207 Va. 367, 370, 150 S.E.2d 132, 135 (1966).

Based on the record before us, it is clear that the trial court did not err in denying Bryant's motion with respect to this argument. The trial court clearly had jurisdiction over the subject matter in this case. See Code § 17.1-513. Furthermore, to the extent that Bryant's motion contested whether the trial court was the proper venue, Bryant waived any issues with regard to venue being proper in Loudoun County. Code § 19.2-244 requires that "[e]xcept as to motions for a change of venue, *all other questions of venue must be raised . . . before the finding of guilty in cases tried by the court without a jury*." (Emphasis added). As Bryant filed his motion after the verdict of the trial court, the issue was waived.

Bryant also contends that the trial court was without jurisdiction because the Commonwealth's proffer of facts failed to establish that he was over the age of eighteen at the time of the offense and therefore jurisdiction lay exclusively with a juvenile and domestic relations district court under Code § 16.1-241. However, Bryant's argument is misplaced for two reasons.

- 4 -

First, Bryant relies on <u>Kibert v. Commonwealth</u>, 216 Va. 660, 222 S.E.2d 790 (1976), and <u>Smyth v. Morrison</u>, 200 Va. 728, 107 S.E.2d 430 (1959), in arguing that when evidence is presented to a trial court following a guilty plea, the court has a duty to review the evidence and hear arguments of counsel to make a determination of guilt based on the proffered evidence. However, this is in direct contrast to the actual holding of <u>Kibert</u>. In <u>Kibert</u>, the Supreme Court explained that "a 'plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed.'" <u>Kibert</u>, 216 Va. at 664, 222 S.E.2d at 793 (quoting <u>Crutchfield v. Commonwealth</u>, 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948)). Thus, "'a voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional.'" <u>Id.</u> Therefore, "[i]n accepting a plea of guilty, any Virginia trial judge is, of course, free to hear the evidence he deems necessary to an understanding of the case and to the fixing of an appropriate sentence. This does not mean, however, that evidence *must* be heard upon a plea of guilty." <u>Id.</u> (emphasis in original). Based on this holding, it is clear that by virtue of Bryant's guilty plea, the trial court *may* have considered the proffer of evidence; however, it was not necessary to establish proof of the elements of the crime.

Second, the issue of Bryant's age at the time of the offense is a factual issue that Bryant admitted as true when he pled guilty to the indictment. This is similar to the situation in <u>Jones v. Commonwealth</u>, 42 Va. App. 142, 590 S.E.2d 572 (2004). In that case, the defendant was indicted for distributing cocaine, and he entered a plea of *nolo contendere* to the offense. <u>Id.</u> at 144-45, 590 S.E.2d at 573-74. However, the proffered evidence did not establish that the offense took place in Virginia. <u>Id.</u> at 145, 590 S.E.2d at 574. Nevertheless, the circuit court found him guilty of the offense, and the defendant appealed. <u>Id.</u> This Court held that, although the

proffered facts did not establish that the crime took place in Virginia, the indictment alleged that the offense took place in the city of Petersburg, Virginia. Since a no contest plea admits all the facts pleaded in the indictment as true, the defendant's plea of *nolo contendere* was sufficient standing alone to establish the circuit court's jurisdiction. Id. at 148, 590 S.E.2d at 575.

Likewise, in this case, the indictment states that "on or about June 1, 2009 to on or about September 1, 2009, in the County of Loudoun, [Bryant] did feloniously and unlawfully commit aggravated sexual battery on the complaining witness, to wit: A.P., who was less than thirteen years of age, in violation of Section § 18.2-67.3 of the Code of Virginia." The indictment also alleges that Bryant was born on July 10, 1990. Thus, his guilty plea admitted that, for the period during which the offenses occurred, Bryant was over the age of eighteen. Therefore, Bryant factually conceded the trial court's jurisdiction over this offense, and we find that the trial court did not err in denying Bryant's motion to dismiss for want of jurisdiction.

### C. Motion to Withdraw the Guilty Plea

Bryant also challenges the trial court's denial of his motion to withdraw his guilty plea. "'[W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" Howell v. Commonwealth, 60 Va. App. 737, 745, 732 S.E.2d 722, 726 (2012) (quoting Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949)). Thus, an appellate court "'should reverse only upon clear evidence that [the decision] was not judicially sound . . . .'" Coleman v. Commonwealth, 51 Va. App. 284, 289, 657 S.E.2d 164, 166 (2008) (quoting Jefferson v. Commonwealth, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998)).

Under Code § 19.2-296,

> [a] motion to withdraw a plea of guilty . . . may be made only
> before sentence is imposed or imposition of a sentence is

suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

As Bryant recognizes, his motion to withdraw his guilty plea was made after sentencing, thereby invoking Code § 19.2-296's "manifest injustice" standard. "'The more severe standard is applied to avoid motions for withdrawal based on disappointment in the terms of the sentence.'" Howell, 60 Va. App. at 746, 732 S.E.2d at 726 (quoting Lilly v. Commonwealth, 218 Va. 960, 965, 243 S.E.2d 208, 211 (1978)).

As the Supreme Court recently explained, "[t]he term 'manifest' is defined as being 'synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident. In evidence, that which is clear and requires no proof; that which is notorious.'" Johnson v. Anis, 284 Va. 462, 466, 731 S.E.2d 914, 916 (2012) (quoting Black's Law Dictionary 962 (6th ed. 1990)). "'In examining a case for miscarriage of justice,' courts determine whether the record contains 'affirmative evidence of innocence or lack of a criminal offense.'" Howell, 60 Va. App. at 746-47, 732 S.E.2d at 727 (quoting Tooke v. Commonwealth, 47 Va. App. 759, 765, 627 S.E.2d 533, 536 (2006)). Similarly, a "[m]anifest injustice amounts to an obvious miscarriage of justice, such as an involuntary guilty plea or a plea based on a plea agreement that has been rescinded." Id. at 746, 732 S.E.2d at 727. In any event, "'a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'" Id. at 747, 732 S.E.2d at 727 (quoting Tooke, 47 Va. App. at 765, 627 S.E.2d at 536).

Here, Bryant contends that there was a manifest injustice due to a combination of the facts that the record "contains evidence of incompetency" in addition to "evidence of the innocence of Bryant," and furthermore that the trial court lacked jurisdiction for the aforementioned reasons. We disagree. The record before us reveals that at the time of the guilty

plea, there was a pre-trial health evaluation that established that Bryant was competent to stand trial.  While Bryant attempted to admit the testimony of a new witness after sentencing to rebut this evaluation, the fact remains that the trial court found this argument unpersuasive, and on appeal, we are bound by this credibility finding.  Furthermore, Bryant admitted to committing the acts alleged in the indictment, and agreed with the Commonwealth's proffer of facts.  Finally, as discussed previously, the trial court had subject matter jurisdiction over the case.  Therefore there is nothing in the record before us that would amount to a manifest injustice.  Thus, we find that the trial court did not abuse its discretion in denying Bryant's motion to withdraw his guilty plea.

### D.  Terms of Bryant's Probation and Suspended Sentence

Finally, Bryant contends that the trial court abused its discretion by forbidding Bryant from entering the victim's neighborhood, which encompasses his parents' house, as a term of his probation and suspended sentence.

Code § 19.2-303 states, in relevant part, that "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine."  Virginia's statutes dealing with probation and suspended sentences "'obviously confer upon trial courts wide latitude and much discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals and, to that end, should be liberally construed.'"  Wright v. Commonwealth, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000) (quoting Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 899 (1992)).

> "The sole statutory limitation placed upon a trial court's discretion
> in its determination of such conditions is one of reasonableness."
> The limitation on the discretion of the trial court is that the
> conditions of suspension "must be reasonable in relation to the
> nature of the offense, the background of the offender and the
> surrounding circumstances."

Waiters v. Commonwealth, 33 Va. App. 739, 742, 536 S.E.2d 923, 925 (2000) (quoting

Anderson v. Commonwealth, 256 Va. 580, 585, 507 S.E.2d 339, 341 (1998); Deal, 15 Va. App.

at 161, 421 S.E.2d at 899).

In this case, the trial court revised its original sentence prohibiting Bryant from residing

in the victim's "neighborhood" to a set geographical area around the victim's house. Bryant's

parents' residence, where Bryant previously resided, is contained within the prohibited area.

Thus, on appeal, Bryant contends that it is unreasonable to inhibit him from residing with his

parents, as he is unable to find alternative housing.[3]  However, this term is not unreasonable. As

the Commonwealth points out, the legislature has specifically forbidden certain sex offenders

from residing near schools, day care centers, and certain parks. See Code § 18.2-370.3. Thus, it

is clear that a geographical limitation on the residence of a sex offender is permissible. The

prohibition in this case has an equally reasonable justification behind it as those listed when you

consider the background of the offender and the victim. The victim in this case has become

emotionally fragile as a result of the incident. When asked how she would respond if Bryant

were to reside at his parents' house, which is across the street from her house, the victim stated,

"I don't think I could just look at him. I think I would lose it. I can't – I look at his parents and I

lose it." She has also admitted to attempting to commit suicide during an incident on

Thanksgiving as a result of the emotional stresses put on her by the offenses involved in this

case. Thus, as the condition is aimed at protecting the victim in this case, it is not unreasonable.

---

[3] At the hearing on the issue, Bryant's father testified that Bryant was having difficulties finding a residence that he could afford on his limited income and based on his sex offender status.

Therefore, we find that the trial court did not abuse its discretion in ordering this term as a condition of Bryant's probation and suspended sentence.

For the reasons stated above, we affirm the judgment of the trial court in this case.

<u>Affirmed.</u>