UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Friedman and Raphael

TERRY W. GLENN, S/K/A
 TERRY WAYNE GLENN

v.        Record No. 1053-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 25, 2023

FROM THE CIRCUIT COURT OF PATRICK COUNTY
Marcus A. Brinks, Judge

(Michelle C. F. Derrico, Senior Appellate Attorney; Virginia
Indigent Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; John Beamer, Assistant
Attorney General, on brief), for appellee.


Terry Wayne Glenn entered a no-contest plea[1] to the charge of distribution of

methamphetamine.  The trial court sentenced him to five years' incarceration with all but

fourteen days suspended.  It also ordered that he complete three years of probation and undergo

substance-abuse treatment.  Glenn appeals, arguing that the "imposition of extended probation

was a hardship."  After examining the briefs and record, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);

Rule 5A:27(a).  We affirm the trial court's judgment.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] A no-contest plea "implies a confession . . . of the truth of the charge."  *Smith v. Commonwealth*, 59 Va. App. 710, 723 (2012) (quoting *Jones v. Commonwealth*, 42 Va. App. 142, 147 (2004)).  The trial court may therefore "consider [the defendant] guilty for the purpose of imposing judgment and sentence."  *Id.* (quoting *Jones*, 42 Va. App. at 147).

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard" the defendant's evidence when it conflicts with the Commonwealth's evidence, "regard as true all the credible evidence favorable to the Commonwealth," and read "all fair inferences" in the Commonwealth's favor. *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

At the plea hearing, the Commonwealth proffered that a confidential informant conducted a controlled purchase of methamphetamine from Glenn. The informant contacted Glenn, who agreed to sell the informant one gram of methamphetamine for $100. The police equipped the informant with audio and video equipment and searched him before and after he met with Glenn at Glenn's residence. The informant returned with the drugs, which testing later confirmed to be methamphetamine. Glenn did not contest the Commonwealth's proffer. Glenn confirmed he understood that the maximum punishment was 40 years and a $500,000 fine and that the trial court did not have to follow the discretionary sentencing guidelines.

At sentencing, the trial court reviewed the sentencing guidelines, which recommended a sentence between eight months and one year and six months. Glenn introduced evidence documenting his undiagnosed "seizure activity" that required medical treatment. Glenn requested a sentence of no active time, citing his work history, young children, health issues, and lack of prior felony convictions. The trial court approved Glenn's proposed modification and adjusted the sentencing guidelines to include a low end of zero time, though the basis for its decision is not clearly stated in the record. The trial court then sentenced Glenn to five years' incarceration with all but fourteen days suspended and imposed a condition of three years'

probation. It emphasized that in making its sentencing decision it considered the guidelines as well as Glenn's mitigating evidence.

ANALYSIS

Glenn argues that the trial court abused its discretion by imposing the three-year probation term. He alleges, without explanation, that "[i]nstead of focusing on his medical treatment and disability, the trial court's order required [him] to prioritize supervised probation over even his health."

"The determination of sentencing lies within the sound discretion of the trial court. A sentencing decision will not be reversed unless the trial court abused its discretion." *Garibaldi v. Commonwealth*, 71 Va. App. 64, 67 (2019) (quoting *Martin v. Commonwealth*, 274 Va. 733, 735 (2007)). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

It was within the trial court's purview to weigh the mitigating evidence Glenn presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case— those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.*

Here, the record shows that the trial court considered Glenn's mitigating evidence and imposed a sentence that it deemed appropriate. And Glenn's sentence was within the statutory range set by the legislature. *See* Code § 18.2-248. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an

- 3 -

end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). We therefore find no error in the trial court's decision.

CONCLUSION

The trial court acted within its discretion when it imposed the condition of three years' probation.

*Affirmed.*